## COMMONWEALTH *vs*. THOMAS A. WOODSIDE.

Calling and examining a clerk as a witness for the Commonwealth in the prosecution of a fellow clerk for a larceny of money from the shop of their employer is no bar to a prosecution of the witness for an embezzlement of the same employer's money.

INDICTMENT on the Gen. Sts. *c.* 161, § 38, found and returned into the superior court for the transaction of criminal business in Suffolk, at March term 1870, for embezzling $150, of the property of Peter D. Rickard, which had come into the possession of the defendant as Rickard's clerk.

The defendant filed a plea in bar, " that the Commonwealth ought not to have and prosecute its complaint and accusation against him, for the reasons following : The said defendant was subpoenaed in the municipal court, in the matter of a complaint against one Emil Kaughman, for the larceny of money in the same shop in which it is alleged that this defendant committed the embezzlement alleged. He was not used at the hearing on said complaint at the request of the district attorney, but was recognized to appear before the grand jury, at the hearing of the case of said Kaughman, and his name was sent up with the other witnesses. He was also subpoenaed before the grand jury, attended, and was sworn, in the case of Kaughman, the district attorney not knowing at the time who he was. When he was

called, the assistant district attorney commenced the examination of him; when, discovering that he was complained of for another embezzlement in the same shop, he declined to examine him further, and he was dismissed. He was subsequently summoned by the government as a witness before the superior court on the trial of the indictment found by the grand jury against Kaughman, through inadvertence; but was not used. There was no agreement made with him by the government, unless one is to be inferred, as matter of law, from the facts herein recited."

To this plea the attorney for the Commonwealth demurred as insufficient in law, and *Putnam,* J., sustained the demurrer, whereupon the defendant pleaded guilty, contending that the facts pleaded in bar should bar any sentence, and alleged exceptions.

*G. W. Searle,* for the defendant.

*J. C. Davis,* Assistant Attorney General, (*C. Allen,* Attorney General, with him,) for the Commonwealth.

BY THE COURT. The facts set forth in the plea in bar do not constitute a pledge; nor do they in any way operate as a bar to the sentence. *Exceptions overruled.*