WILLIAM NEWTON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The accused was indicted for murder, and another person as an accessory; the accessory being tried first, the principal was used by the State as a witness against the accessory, who was convicted. On being arraigned for trial the principal pleaded that he was entitled to be discharged, on the ground that he had been used as a witness against, and secured the conviction of, the accessory. *Held*, that the plea was bad; such matters should be addressed to the Executive power of pardon, and not the courts.

2. It is alleged that according to the evidence the name of the person killed was Ellen Keech, and not Ellen Wells, as charged in the indictment, and that judgment should be arrested for that cause. *Held*, that though there was some confusion in the evidence as to the true name, yet it was for the jury to determine as to the identity of the person named in the indictment and the proofs. It is generally sufficient to give the name by which the person is usually known.

Writ of error to the Circuit Court for St. Johns county. Accused found guilty of murder in the first degree.

*John B. Stickney* for plaintiff in error.

*Mr. Attorney-General Cocke* for the State.

### Assignment of Errors.

*First.* That the court erred in overruling the motion to quash the original venire for grand jurors returned and filed September 20th, 1875, and also the special venire returned and filed October 1, 1875; and, also, the indictment found in the above entitled case filed October 1, 1875.

*Second.* That the court erred in overruling the special plea in bar on file in this case.

*Third.* That the court erred in overruling the motion to quash the panel of the petit jury.

*Fourth.* The venire for petit jurors returned and filed September 20th, 1875, showed that but eleven out of the twelve jurors named in said venire were summoned and returned by the sheriff; whereupon the panel becoming exhausted, upon the trial, the court directed jurors to be summoned from the bystanders or from the county at large to complete the panel—all of which was error upon the part of this court.

*Fifth.* The next error assigned is, that the court erred in overruling the motion for arrest of judgment and a new trial.

*Sixth.* It is apparent upon the face of the record that the record does not show that the defendant was asked by the court if he had anything to say why sentence should not be passed upon him.

*Seventh.* The record must show affirmatively that the prisoner was personally present at the time the sentence was passed.

*Eighth.* That the indictment does not charge murder in the first degree. It does not describe any act done "without authority of law." It does not set forth "the killing of a human being without the authority of law." It does not allege that both the assault and killing to be done with a "premeditated design to affect the death of Ellen Wells." It does not state the part of the body in which the wound was inflicted. It does not set forth a description of the wound.

RANDALL, C. J., delivered the opinion of the court.

Newton was indicted in St. Johns county for the murder of Ellen Wells, and was convicted and sentenced to be hung at the same time at which Mary Ann Keech was tried

as an accessory. He sued out a writ of error, and assigns for error several grounds which are substantially the same as those assigned in the case of Mary Ann Keech *alias* Newton, vs. the State, and which are disposed of in considering that case. For reasons given in the opinion in that case the judgment must be reversed.

Several questions arose in the course of the trial which were not involved in the case of Mary Ann Keech, upon which error was assigned, and though not necessary to the decision of this case we will dispose of some of them, as they were fully argued upon the hearing and involve questions of practice.

Upon the trial of Newton, he pleaded in bar that he had been used as a material witness for the State upon the trial of Mrs. Keech, his accomplice, in which trial she was convicted upon his testimony—wherefore he says he should not be further prosecuted.

Blackstone says, (4 Bl. Com. 330, 331:) "There is a species of confession which we read much of in our ancient books ***** called approvement; and that is when a person indicted of treason or felony, and arraigned for the same, doth confess the fact before plea pleaded; and appeals or accuses others, his accomplices, in the same crime in order to obtain his pardon." This plea is addressed to the court. Formerly, in England, a promise of pardon came from the court, and, practically, the granting of pardons was controlled by the courts, and it was the course of things that pardons were recommended by the Judges. In this country this practice never existed, but according to the constitutions or laws of the States, the pardoning power is vested exclusively in the Executive branches of government. The obligation to grant a pardon or to give impunity to a person indicted for felony, does not here vest in the courts, and, therefore, the courts cannot listen to a plea of this character. The prosecuting officer, representing the Executive arm, exercises his discretion in regard to calling witnesses,

and if a felon desires a pardon upon such ground, he must address that department. The plea is bad and is without a precedent, so far as we are able to discover.

It is alleged that the court erred in overruling the motion in arrest of judgment, because it was shown by the evidence that the woman killed was Ellen Keech, and not Ellen Wells, as alleged in the indictment. While it is true that the law requires that the name of the person killed must be, as alleged, in the indictment, and this the court will never refuse to give to the jury in its charge, yet it is a question which the jury must decide as a matter of fact from the proofs. (State vs. Angel, 7 Iredell, 27.) There is, it is true, some confusion of proof as to whether the woman killed was the wife of Keech, but with the testimony before them they determined it, and we cannot say that they found a verdict against the evidence upon that question. A prosecutor in such cases may appropriately use an *alias* in describing the name of the person, if he has any doubts upon the matter. It is sufficient, however, to give the name by which the person is usually known. (Wharton Am. Crim. Law, § 250.) And a name acquired by reputation is sufficiently certain. (State vs. Gardner, Wright's O. Rep. 392; People vs. Freeland, 6 Cal. 95.)

The questions mooted in the brief of counsel as to the form of the indictment, &c., are not properly before us by any pleading or exception, and we will not examine them further than we have done in the case of Mrs. Keech, just decided.

The judgment of the Circuit Court is reversed, and this cause is remanded, with directions that the indictment be quashed.