Sterling Ingram v. M. H. Prescott, *Sheriff.*

149 So. 369
En Banc.
Opinion Filed July 7, 1933.

*W. W. Flournoy,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

Davis, C. J.—By means of a petition for habeas corpus granted by a Justice of this Court and made returnable before the Court *en banc,* petitioner seeks relief from a sentence of a seven years imprisonment imposed upon him by the Circuit Court of Walton County upon an adjudication of his guilt of the felony of arson. The record before us shows that the sentence was pronounced January 9th,

1933, pursuant to a plea of guilty that had been entered by the defendant on September 17th, A. D. 1930, but sentence suspended thereafter from term to term pending the continued good behavior of the defendant. The sentence as finally imposed, recited that the good-behavior condition had been violated by the accused, in consequence of which the judgment of conviction was made enforceable by a sentence of imprisonment.

After the imposition of the sentence, petitioner, Ingram, through his counsel, filed a motion before the Court for a *nolle prosequi,* dismissal and discharge of the prisoner. The ground asserted in the motion was a claim of immunity that the accused declared he was entitled to the benefit of, because of an implied contract for his discharge, alleged to have arisen in his behalf, because the State Attorney had called and used the indicted defendant as a witness against his co-defendants, thereby in effect aiding the State's prosecution of the prisoner's co-defendant, by depriving the prisoner of his constitutional right not to be subjected to the giving of incriminating evidence against himself so long as the indictment against him stood.

The circuit judge denied the motion. It is now sought to review his action in so doing, by examining the proceedings had subsequent to sentence, concerning the motion for *nolle prosequi,* dismissal and discharge.

From the earliest times, it has been found necessary for the detection and punishment of crime, for the state to resort to the criminals themselves for testimony with which to convict their confederates in crime. While such a course offers a premium to treachery, and sometimes permits the more guilty to escape, it tends to prevent and break up combinations, by making criminals suspicious of each other, and it often leads to the punishment of guilty persons who would otherwise escape. Therefore, on the ground of

public policy, it has been uniformly held that a State may contract with a criminal for his exemption from prosecution if he shall honestly and fairly make a full disclosure of the crime, whether the party testified against is convicted, or not. L. R. A. 1918-A, page 376. Note to report of case of Faucett v. State, 10 Okla. Crim. Rep. 111, 134 Pac. 839, L. R. A. 1918-A, page 372; Cameron v. State, 32 Tex. Crim. Rep. 180, 40 A. S. R. 763, and notes; Section 8311 C. G. L. 6017 R. G. S. sets up such a statutory agreement barring the State from prosecution in certain cases where the accused, without any agreement on his part, is compelled to give evidence in certain classes of cases.

But it is generally held that such an agreement is not pleadable in bar of an adjudication of guilt, although it may affect the right of the court to enforce or to impose a sentence for the infliction of punishment. Cameron v. State, *supra* (Texas); Newton v. State, 15 Fla. 610.

Although it is universally conceded that the district attorney, or other public prosecutor may, with the consent of the court, enter into an agreement with an accomplice that if he will testify fully and fairly, in a prosecution against his accomplices in guilt, he shall not be prosecuted for the same offense, and that if the accomplice performs on his part, he is entitled to such protection as the law affords, yet the weight of authority upholds the proposition that if such an agreement is made with the prosecuting attorney alone, without the consent or advice of the court, it is of no effect as a protection to the accomplice, if he is afterwards placed on trial in violation of that agreement. State v. Graham, 41 N. J. L. 15; 32 Am. Rep. 174; People v. Peter, 48 Cal. 251; People v. Bruzzo, 24 Cal. 41; United States v. Ford, 99 U. S. 594, 25 L. Ed. 399; Lindsay v. People, 63 N. Y. 143; Commonwealth v. Woodside, 105 Mass. 594; Wight v. Rindskopf, 43 Wis. 344.

And the practice is for the court to *nolle prosequi* and dismiss the prosecution by incorporating in the record of its judgment the reasons therefor, which remain a perpetual record of the defendant's self-confessed guilt, although the punishment that might have been inflicted is withheld. See Camron v. State, 40 A. S. R. 763, *supra.*

In this case, assuming that the proposition relied on is available on habeas corpus, as some few courts have held it may be, but without deciding that point in this case, it appears from the present record that the accused voluntarily entered in open court his plea of guilty and that he thereafter, without objection or protest on his part, accepted the action of the court in deferring from time to time, the imposition of sentence on the condition that he would continue to be of good behavior, and without any other condition. It furthermore appears that there is ample ground in the record to support the circuit judge's evident finding that instead of the State's Attorney having entered into any such agreement as the accused relies on for immunity, that the defendant agreed to become a witness and did become a witness solely on his own responsibility and at his own risk, upon the possible assurance of the State's Attorney to defendant's counsel, Hon. Phillip Beall, that because of the defendant's agreeing to testify, that he (Hon. L. L. Fabisinski, State Attorney) would insist only on a suspended sentence if the court would agree to that course.

The record therefore makes out no cause in bar or preclusion of the enforcement of the sentence imposed, which appears to be otherwise valid and proper, therefore the petitioner must be, and he is hereby remanded to proper custody, there to abide by and perform the sentence imposed upon him, until discharged therefrom in due course of law, the costs of this proceeding in habeas corpus to be paid as part

of the costs accruing in the principal case on the indictment upon which the sentence was imposed.

Petitioner remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.