JOHN PRESTON v. STATE.

158 So. 135.
Division B.
Opinion Filed December 13, 1934.

R. B. *Moseley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—Plaintiff in error was convicted in the Circuit Court of Bay County, Florida, and sentenced to serve twenty-five years in state prison, judgment being entered on October 11th, 1932.

On the 22nd day of November, 1933, plaintiff in error filed a motion in the court below to vacate and set aside the judgment on several grounds. The motion was denied. Then writ of error was sued out to challenge the judgment theretofore entered.

There was no bill of exceptions presented at the term of the court at which the judgment was entered, nor within any time allowed by the court thereafter. The only excep-

tion reserved and presented here is to the order denying the motion to vacate the judgment.

The motion to vacate the judgment is presented in nine grounds, as follows:

"First. That count one of the indictment in said cause wholly fails to charge this defendant with any crime under the laws of the State of Florida in that it wholly fails to charge that John I. Gibson committed the act of robbery, he then and there being armed with a dangerous weapon with the intent if resisted to then and there kill or maim the person robbed, and therefore cannot constitute a basis for a conviction of and judgment and sentence of this defendant as an accessory to the crime of robbery.

"Second. That count two of the indictment in said cause wholly fails to charge this defendant with any crime under the laws of the State of Florida in that it wholly fails to charge that John I. Gibson, although being armed with a dangerous weapon, to-wit: a pistol, that he was so armed with an intent to kill or maim the said Lee Leggon if resisted by him, the said Lee Leggon, and therefore said count of said indictment cannot constitute a basis for a conviction of and judgment and sentence of this defendant as an accessory to the crime of robbery.

"Third. Said indictment and each count thereof wholly fails to allege or show that the money alleged to have been taken by John I. Gibson was not his property.

"Fourth. Said indictment wholly fails to set forth a proper charge of robbery either at Common Law or under the Statutes of Florida.

"Fifth. The judgment and sentence is not based upon any valid verdict of a jury in said cause.

"Sixth. The judgment of the court is wholly insufficient because it does not state of what the Court adjudges the defendant, John Preston, to be guilty of.

"Seventh. The attempted judgment of the Court, attempts to adjudge the defendant, John Preston, as being guilty of robbery with a deadly weapon, whereas the defendant, John Preston, was only charged as an accessory to the act of robbery, and therefore said judgment is void.

"Eighth. The sentence of the Court is wholly insufficient because same is not in conformity with Section 8517, Compiled General Laws of Florida, A. D. 1927, in that said sentence wholly fails to state that this defendant shall be imprisoned.

"Ninth. The sentence of the Court is wholly void because it is not based upon a judgment of conviction of an accessory to the crime of robbery as charged in the indictment."

The indictment was in two counts. Each count thereof sufficiently charged the plaintiff in error, John Preston, with the crime of robbery as principal in the second degree under Section 5055 R. G. S., 7157 C. G. L., as amended by Section 1, Chapter 13792, Acts of 1929. By reference to that section it will be observed that it denounces robbery by one who is armed with a dangerous weapon under two different conditions. First, if the person be armed with a dangerous weapon and commits robbery from the person of another with the intent, if resisted, to kill or maim the person so robbed, this condition is charged in the first count of the indictment; or the crime may be committed by one who being armed shall wound or strike the person robbed. The second count charges this condition. Therefore, it was immaterial whether the jury found the defendant guilty under the first or second count of the indictment and it was needless to specify under which count of the indictment the accused was found guilty. He was charged with only one offense, to-wit: the offense of robbery while being armed with a dangerous weapon, and, under the indictment

it was sufficient for the State to prove either that the principal charged in the first degree the indictment then and there while being armed with a dangerous weapon had the intent to kill or maim the person robbed, if resisted, or that such principal in the commission of the robbery and while being armed with a deadly weapon did strike or wound the person robbed.

The verdict was a general verdict of guilty and was sufficient under the indictment.

The judgment of the court was sufficient, it being in the following language:

"You, John Preston, having been convicted of the crime of robbery with a deadly weapon, the court adjudges you to be guilty. It is the judgment of the court and the sentence of the law that you, John Preston, for your said offense to be confined at hard labor in the State prison of the State of Florida for and during the period of twenty-five years."

The seventh ground of the motion was without merit because the indictment shows that the accused was not charged as an accessory to the crime, but was charged as principal in the second degree.

The eighth ground of the motion was without merit because the judgment clearly states:

"That you, John Preston, for your said offense, do be confined at hard labor in the State prison of the State of Florida for and during the period of twenty-five years."

The ninth ground of the motion was without merit for the same reasons as are stated herein in regard to the seventh ground of the motion.

Unless the judgment of the court was void, the court was without authority to vacate the same after the expiration of the term of the court at which it was entered.

Therefore, the order overruling the motion to vacate the judgment was without error and the record presented here shows upon its face that the judgment was a valid judgment. Therefore, it should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.