STATE, *ex rel.* NORWOOD RHODEN, v. L. F. CHAPMAN, Prison Superintendent of the State Prison Farm, Raiford, Florida.

172 So. 56.
Opinion Filed January 20, 1937.

*Wallace Tervin,* for Petitioner;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant Attorney General, *Dewey A. Dye* and *Robert E. Willes,* for Respondent.

PER CURIAM.—It is beyond the power of a court of criminal jurisdiction, after the adjournment of the term of court at which a sentence to imprisonment is imposed upon one adjudged guilty of felony, to set aside, vacate or annul it or to change it in any substantial respect to defendant's

prejudice absent the defendant's consent, unless it is done pursuant to appropriate proceedings for resentence. People v. Sullivan, 54 Misc. 489, 106 N. Y. S. 143.

But where, at the request of a convicted defendant, or at his instance or approval given during the same term at which a criminal sentence is imposed, the court has vacated or annulled its presently imposed sentence, and deferred the proposition of imposing a new sentence to a subsequent term of court, to which the case is continued pending which continuance the defendant is released on bond, the court may, at such subsequent term, impose a new sentence upon the original judgment of conviction, even though such new sentence is greater, or materially different in effect from that first imposed and thereafter vacated. See Preston v. State, 117 Fla. 618, 158 Sou. Rep. 135; Ingram v. Prescott, 111 Fla. 320, 149 Sou. Rep. 369; Lovett v. State, 29 Fla. 384, 11 Sou. Rep. 176.

The amended return shows a case of resentence within the rule last stated, so the prisoner must be remanded to custody and it is so ordered.

Prisoner remanded.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.