J. L. SMITH v. B. A. BROWN, Sheriff, his Deputies and Agents

185 So. 732.

Opinion Filed January 14, 1939.

*Errol S. Willes* and *H. H. Wells,* for Petitioner;

·*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondents.

BUFORD, J.—This is a habeas corpus proceeding in which this court exercises original jurisdiction.

By the petition it is made to appear that at a regular term of the Circuit Court of St. Lucie County on November 27, 1937, the petitioner was adjudged guilty of the larceny of an automobile and sentenced by the trial. judge to serve six months in the county jail, subject to the orders of the County Commissioners, that during the same term

of the court, on December 3, 1937, the sentence was revoked and annulled and the petitioner was temporarily discharged; that at a regular term of the court on the 8th day of November, 1938, the petitioner was again brought into the Circuit Court of St. Lucie County and sentenced to serve a period of two years in the State prison under the conviction above referred to.

It is contended that because the petitioner had begun to serve the sentence first imposed upon him the court was without authority or power to vacate and revoke the sentence, even at the same term of the court, and that because of the lack of power and jurisdiction to revoke such sentence the sentence imposed at a later date, November 8, 1938, was without force and effect.

Petitioner relies on the opinion and judgment in the case of Tillman v. State, 58 Fla. 113, 50 Sou. 675, 138 Am. St. Rep. 100, in which it was said:

"This Court has decided that the right of a defendant to make a motion for a new trial, within the time provided by law, is not forfeited by the fact that sentence had been passed upon the defendant prior to his making such motion. Massey v. State, 50 Fla. 109, 39 South. Rep. 790. So, too, during the same term of court at which the sentence is imposed, before the defendant has begun serving such sentence, the trial judge has the power to modify such sentence. In this case it does not affirmatively appear that such defendant had begun serving her sentence."—and on the enunciation found in 8 R. C. L., page 244, Sec. 247, in which it is said:

"247. Amendment after Complete or Partial Execution.—Where a judgment has been fully satisfied by the defendant, the trial court has no power to amend it by increasing the punishment after the term at which the judgment was rendered, or even during the same term. The

ends of justice will not be served by permitting the state,
after the sentence of the law has been discharged, to open
the case for any purpose and least of all to insert an addi-
tional penalty. To permit this would be like punishing the
delinquent the second time for the same offense. Thus it
has been held that where a court has imposed a fine and
imprisonment when the statute confers power only to pun-
ish by fine or imprisonment, and the fine has been paid,
the court cannot, even during the same term, modify the
judgment by imposing imprisonment instead of the former
sentence, and, the judgment having been executed so as to
be a full satsifaction of one of the alternative penalties of
the law, the power of the court as to that offense is at an
end. The rule seems to be well established that the trial court
is without power to set aside a criminal judgment after
it has been partly satisfied by the defendant, and impose
a new or different judgment increasing the punishment, even
at the same term of court at which the original judgment
was imposed. And of course a judgment which has been
partly satisfied by the defendant cannot be set aside by the
trial court and a new judgment increasing the punishment
imposed, after the term of court at which the first judgment
was rendered.

In support of the text the author cites State v. Meyer,
86 Kans. 793, 122 Pac. 101, 40 L. R. A. 90, in which it
was held:

"The court found the defendant guilty of contempt and
entered judgment that he be committed to the jail of the
county for three months and pay a fine of $100. After he
had been imprisoned under this judgment for twelve hours,
he was recalled, and the court attempted to render a second
or modified judgment sentencing the defendant to six
months imprisonment and the payment of a fine of $100.
Held, that as the first sentence was one the court had au-

thority to impose, and that as the defendant had suffered punishment under it, there was then no authority in the court to change and increase the punishment; and further held, that the first judgment is valid and still enforceable."

The weight of authority appears to support these enunciations but in none of these cases does it appear that the action of the trial court in attempting to set aside and revoke the sentence at the same term of the court was taken on the application of the defendant. The record in the instant case shows that immediately after the defendant was sentenced he developed pneumonia and that his physician represented to the trial court that the defendant "is suffering from pneumonia and that his removal from said county jail is necessary in order to save the defendant's life," and upon this representation the trial court acted.

While the representation may have been informally made, nevertheless, it was sufficient to advise the trial court of the serious condition of the defendant and of the necessity of taking action in behalf of the defendant.

It, therefore, follows that the attending physician's representations to the court must be deemed equivalent to a representation by the defendant and a motion on his part to vacate the sentence and release him from custody, pending his treatment for pneumonia.

Under these conditions, we hold that the case is not controlled by the general rule hereinbefore stated, but is an exception to that rule and falls within the rule stated by us in the case of State, *ex rel.* Rhoden, v. Chapman, 127 Fla. 9, 172 Sou. 56, in which we held:

"It is beyond the power of a court of criminal jurisdiction, after the adjournment of the term of court at which a sentence to imprisonment is imposed upon one adjudged guilty of felony, to set aside, vacate or annul it or to change it in any substantial respect to defendant's prejudice, ab-

sent the defendant's consent, unless it is done pursuant to appropriate proceedings for resentence. People v. Sullivan, 54 Misc. 489, 106 N. Y. S. 143.

"But where at the request of a convicted defendant, or at his instance or approval given during the same term at which a criminal sentence is imposed, the court has vacated or annulled its presently imposed sentence, and deferred the proposition of imposing a new sentence to a subsequent term of court, to which the case is continued pending which continuance the defendant is released on bond, the court may, at such subsequent term, impose a new sentence upon the original judgment of conviction, even though such new sentence is greater, or materially different in effect from that first imposed and thereafter vacated. See Preston v. State, 117 Fla. 618, 158 Sou. Rep. 135; Ingram v. Prescott, 111 Fla. 320, 149 Sou. Rep. 369; Lovett v. State, 29 Fla. 384, 11 Sou. Rep. 176."

So it is, it appearing that the sentence under which the petitioner is now serving is not void, it will not be held invalid on collateral attack in habeas corpus proceedings.

For the reasons stated, the petitioner is remanded to the custody of the Respondent.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.