68 So.2d 400 (1953)
STATE ex rel. MARCUS et al.
v.
PEARSON, Judge.
Supreme Court of Florida. Division A.
November 20, 1953.
Turnbull & Pepper, Tallahasse, for relators.
Richard W. Ervin, Atty. Gen., Reeves Bowen and Bart L. Cohen, Asst. Attys. Gen., and John D. Marsh, County Solicitor, Miami, for respondent.
*401 SEBRING, Justice.
This is a prohibition proceeding in which the relator seeks to prohibit the trial of a case in the Criminial Court of Record for Dade County, Florida.
Dave Marcus, and other defendants not necessary to be named here, were informed against for "conspiracy to violate the lottery laws of the State of Florida." Marcus filed a motion in the nature of a plea in abatement to quash the information upon the ground that the information was bottomed upon an indictment based upon illegally obtained evidence. As respects this allegedly illegally obtained evidence the motion averred "That during the investigation of matters upon which the indictment * * * was based, the Grand Jury, or its investigators, examined the private records of the defendant herein, said records being taken from his personal belongings at his private home in answer to a subpoena issued by the Dade County Grand Jury; and that in answer to said subpoena, the defendant * * * personally appeared before the said Grand Jury, and that the said defendant did testify and give statements before the said Grand Jury in answer to the questions propounded to him therein, and that the said defendant did present to the Grand Jury, in lieu of a subpoena served upon him, his personal records as requested by the body herein mentioned, thereby immunizing him from prosecution under the provisions of Section 932.29, F.S.A. of the charges contained in the information." The motion to quash the information also alleged "That while the Grand Jury which returned the indictment upon which this information is bottomed, herein was in session, [a] Constable * * * served upon the defendant * * * a search warrant and pursuant [thereto] did seize the private records of the defendant herein * * * [and] did keep in his possession, for purposes unknown herein, the said private books and records for a period of one week, and * * * [then returned] the books unto the defendant."
The County Solicitor filed a traverse to the motion to quash, and also a demurrer attacking the legal sufficiency of the motion, on the ground that it did not allege facts "warranting a finding or conclusion that the defendant * * * has been granted immunity by any Court or Prosecuting Officer, nor * * * any matter tending to show that the * * * Information is based upon any facts or evidence obtained by compulsion from such defendant."
The trial court sustained the demurrer, denied the motion to quash, and set the case down for trial upon the merits.
Thereafter, the defendant filed in this Court his suggestion for a writ of prohibition, the allegations of which are substantially the same as in the motion to quash filed below: that the relator "has been completely immunized from prosecution for gambling in any form" by reason of the fact that he was "subpoenaed before said Grand Jury together with his books and records and * * * said Grand Jury * * * asked him questions concerning gambling * * * as to booking horses and as to setting up or running or conducting lotteries in the State of Florida." (Emphasis supplied.) The suggestion also contained the averments that "the State Attorney before said Grand Jury and the Foreman of said Grand Jury fully explained to him that he was thereby granted immunity * * *."
Upon the presentation of the suggestion this Court issued a rule requiring the respondent trial judge to show cause why the writ should not issue to prohibit further trial of the case referred to in the suggestion. In due course the respondent filed his return to the rule to show cause. He also filed a motion to discharge the rule, on the ground that it did not appear from any of the allegations of the motion to quash upon which the suggestion in prohibition was bottomed that any of the evidence alleged to have been obtained from the relator, either through interrogation or examination of records, was used as a basis for either the indictment or the information.
*402 The matter is now before this Court for decision on the motion to quash the rule nisi in prohibition.
The basic issue presented for determination on the record is whether the court below should be prohibited from trying the relator upon a criminal information for conspiracy to violate the lottery laws, when the relator alleges simply that he testified "concerning gambling," and produced evidence under compulsion, before the Grand Jury that returned the indictment upon which the information is based.
The controlling statute, so far as material here, reads as follows: "No person shall be excused from attending and testifying, or producing any book, paper or other document before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against * * * gaming or gambling * * upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence * * *." Section 932.29, Florida Statutes 1951, F.S.A. (Emphasis supplied.)
In respect to this statute, the law is settled that where an affirmative showing is made that an information is based upon the "transaction, matter or thing" concerning which the accused has been compelled to testify or produce evidence in a grand jury investigation, prohibition will lie to prevent prosecution on such an information, State ex rel. Byer v. Willard, Fla., 54 So.2d 179. But that principle does not encompass the contention asserted by relator that the giving under compulsion of testimony and evidence "concerning gambling," in a grand jury investigation, will completely immunize such affiant from prosecution for gambling in any form.
The language of the statute, and its previous application in an analogous situation, makes it plain that the immunity clause was not intended to protect a witness from prosecution for all crimes, even though they may be generally related to the subject matter of the grand jury investigation, but was intended to grant immunity from prosecutions only for offenses in connection with the specific "transaction, matter or thing concerning which" the accused actually testified or produced evidence. This is as far as the immunity need, or should, extend in order to meet the requirements of justice and constitutional guarantees.
Richards v. State, 144 Fla. 177, 197 So. 772, 776, is a case in point. In this case the accused alleged that he gave evidence before a grand jury that was investigating corruption in the exaction or acceptance of remuneration by public officers, and consequently was immunized from subsequent prosecution for a particular bribery transaction. It was held that the accused had failed to establish the burden which rested upon him to allege and show that he gave testimony or evidence relating to the transaction for which he was being prosecuted; and that this Court could not "assume that he was immune from prosecution".
Applying that principle to the case at bar, it cannot be held, in the absence of any allegation or showing as to what the subject matter of relator's testimony and evidence before the grand jury was  other than that it concerned gambling  that the relator is entitled to the presumption that the information filed against him relates to the same "transaction, matter or thing concerning which" he there gave evidence. Therefore it cannot be said, upon the present showing made, that the relator is entitled to invoke the immunity statute.
As to the allegation in the suggestion of the relator that the State Attorney and Foreman of the Grand Jury explained to him that he would be granted immunity if he would testify and produce books and records, that is an issue that might become material during the course of the trial on the information, but it does not constitute *403 a good plea in bar or predicate for the issuance of a writ of prohibition. Cortes v. State, 135 Fla. 589, 185 So. 323; Ingram v. Prescott, 111 Fla. 320, 149 So. 369. Compare State ex rel. Johnson v. Anderson Fla., 37 So.2d 910.
The allegation in respect to the alleged action of a constable in seizing relator's private books and records is wholly immaterial in this proceeding, because there is no showing that these private papers contained inculpatory matter, or that if they did, the information contained therein was ever brought to the attention of or used by either the grand jury that returned the indictment or the county solicitor who filed the information.
The motion to discharge the rule should be granted and the proceeding should be dismissed at the cost of the relator.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.