REED, Judge.
This case originated with a suggestion for writ of prohibition filed herein on 23 June 1967 by the relator, Lillian Ruthie Bateman, seeking an order of this court prohibiting the respondent, as judge of the Court of Record for Broward County, Florida, from proceeding with a prosecution against her under an indictment hereafter described. From the allegations in the suggestion it appears that the relator was informed against by the Broward County Solicitor on 6 May 1966, the charge being that on 2 April 1966 she unlawfully possessed lottery material. Subsequently, she was subpoenaed to testify and did testify on 31 January 1967 before the Grand Jury of Broward County which was investigating gambling. During the course of her testimony, the relator’s suggestion alleges, she was specifically asked whether or not she had been caught in possession of lottery material on 2 April 1966, and relator answered in the affirmative.
On 18 April 1967 the relator filed a motion with the Court of Record for Broward County to order the transcription of the relator’s aforesaid testimony before the grand jury. Also on that date the relator filed a motion entitled “Motion to Quash Information in the Nature of a Plea in Abatement”.
The motion to transcribe was heard by the Court of Record on 3 May 1967 and was denied by the judge who refused to permit relator to testify in support of the motion. A proffer was made which included all the facts related above. A certified transcript of the hearing, including the proffer, accompanies the suggestion for writ of prohibition.
On 24 May 1967 the motion to quash was heard and denied. At this hearing the rela *528 tor gave testimony supporting all the facts alleged in the suggestion for writ of prohibition, and a certified copy of that testimony accompanies her suggestion.
From an examination of the record of the 24 May 1967 hearing on the motion to quash the information, it appears that the trial judge did not consider that the immunity statute, i. e., F.S.A. § 932.29, relied on by relator authorized immunity with respect to a crime with which the relator had been charged before testifying before the grand jury. In this we believe the trial judge erred.
The immunity statute, F.S.A. § 932.29, applies even if the person claiming under it had been charged prior to testifying in the proceeding giving rise to claimed immunity. In the leading case construing the statute, State ex rel. Mitchell v. Kelly, Fla.1954, 71 So.2d 887, the Florida Supreme Court held that the statute had application to a person subpoenaed to testify before the Dade County Grand Jury while an information was pending against him for a violation of the lottery laws.
Additional support for this conclusion is found in the cases which state that the immunity granted by the statute is as broad in its operation as the organic privilege against self incrimination, State ex rel. Reynolds v. Newell, Fla.1958, 102 So.2d 613, 616, and Lewis v. State, Fla.App.1963, 155 So.2d 841, 843. Since the organic privilege applies both before and after one has been formally charged with crime, the immunity statute must also apply both before and after one has been formally charged. Any other interpretation would permit one charged with a crime to be summoned before an inquisitorial authority and compelled to give incriminating testimony without benefit of immunity. Such an interpretation would render the statute unconstitutional.
Finally, the language of the statute itself does not support the distinction the lower court drew. It says:
“932.29 — No person shall be excused from attending and testifying * * * before any court upon any investigation, proceeding or trial, for a violation of any of the statutes of this state against * * gaming or gambling * * * upon the ground or for the reason that the testimony * * * required of him may tend to convict him of a crime * * * but no person shall be prosecuted * * * for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding.”
Apparently the trial court felt that only the circuit court for the county in which the grand jury was held could order the court reporter’s notes transcribed and on this basis denied the relator’s motion to transcribe on 3 May 1967. In our opinion, this was in error. F.S.A. § 905.17 provides:
“ * * * The stenographic records, notes or any transcript thereof made by the court reporter or stenographer shall be filed with the clerk of the court and kept by him in a sealed container not subject to inspection by the public. Such notes, records and transcriptions shall be opened and released by the clerk * * * upon the order of the trial judge for use pursuant to the provisions of § 905.27, but not otherwise. * * * ” (Emphasis added.)
F.S.A. § 905.27 provides:
“No * * * court reporter * * * or any other person appearing before the grand jury, shall disclose the testimony of a witness examined before the grand jury or other evidence received by it except * * * when permitted by the court in the furtherance of justice. * * *»
The term “trial judge” is manifestly broader than “circuit judge”.
*529 In State ex rel. Brown v. Dewell, 1936, 123 Fla. 785, 167 So. 687, 693, the Florida Supreme Court held that the judge of the Polk County Criminal Court of Record was in error in refusing to require a court reporter subpoenaed by the defendant to reveal to the defendant’s counsel, during the course of defendant’s trial on charges of conspiracy to kidnap, notes which he had made of testimony of several of the state’s witnesses given previously before the grand jury. F.S.A. § 905.17 was not in existence at the time of the decision which was posited on the theory that the ruling of the trial court effectively denied the defendant the organic right to compulsory process established by Section 11 of the Declaration of Rights, Constitution of Florida, F.S.A.
In Gordon v. State, Fla. 1958, 104 So.2d 524, 536, the court held that the Criminal Court of Record for Polk County had authority under F.S.A. § 905.27 to grant a defendant’s motion for a copy of his (defendant’s) grand jury testimony where the defendant was being tried for perjury and was in error in denying the motion. For a similar opinion involving the Criminal Court of Record for Palm Beach County see Minton v. State, Fla.1959, 113 So.2d 361, where the court’s denial of the motion was held not error. There the Florida Supreme Court assumed that the trial court had the authority to require the production of the grand jury testimony.
In Jackman v. State, Fla.App. 1962, 140 So.2d 627, 629, the court held that, when a proper predicate is laid, the trial court (in this case the Criminal Court of Record for Dade County) had authority under F.S.A. § 905.27 to halt the trial in progress and, pursuant to defendant’s motion, examine the record of the proceeding before the grand jury to determine whether or not a state’s witness gave testimony at the trial inconsistent with his earlier testimony before the grand jury.
Based on the above cases and the express language of the two cited statutes, we conclude that the trial court had authority to order the transcription of the defendant’s testimony before the grand jury.
The relator, defendant below, had the burden in the trial court of asserting her immunity and bringing forth sufficient facts to show her entitlement to it. State ex rel. Peterson v. Weissing, Fla.App. 1958, 101 So.2d 433; State ex rel. Marcus v. Pearson, Fla.1953, 68 So.2d 400; and Richards v. State, 1940, 144 Fla. 177, 179, 197 So. 772, 775. Although the motion to quash and the motion to transcribe are not in the record before this court, it appears from the record of the proceedings had before the trial court on the motion to transcribe the grand jury testimony, and particularly the proffer of testimony, that the relator laid a sufficient predicate to require the transcription and production of her testimony before the grand jury for the purpose of supporting her motion to quash and carrying her burden.
The writ of prohibition should issue with and subject to instructions to the respondent :
(a) to grant the motion to transcribe the testimony given by the relator before the grand jury;
(b) to determine on a hearing after due notice whether or not the relator is entitled to immunity under F.S.A. §• 932.29 on the basis of (1) the transcribed testimony, and (2) any additional evidence which may be offered at such hearing in support of or in opposition to the asserted right to immunity ; and
(c) to proceed with the prosecution of the cause, if the court determines that the relator is not entitled to the claimed immunity, and to grant the relator’s motion to quash if the court determines that the relator is entitled to the claimed immunity.
WALDEN, C. J., and WHITE, JOSEPH S., Associate Judge, concur.