PER CURIAM.
The petition for writ of certiorari asserted conflict between the decision of the appellate court in this cause, State ex rel. Johnson v. MacMillan, 194 So.2d 627, and earlier cases: Gordon v. State, Fla.1958, 104 So.2d 524; State ex rel. Reynolds v. Newell, Fla.1958, 102 So.2d 613; State ex rel. Marcus v. Pearson, Fla.1953, 68 So.2d 400; Kelly v. State, Fla.1956, 92 So.2d 172; Martin v. Karel, 1932, 106 Fla. 363, 143 So. 317; Smith v. State, 1927, 93 Fla. 238, 112 So. 70.
The court in this case held that an information stating an embezzlement charge against relator should be quashed because of immunity[1] based on his interrogation under subpoena before a grand jury and state’s attorney investigating larceny and misappropriations in the school lunch program of the Hillsborough County School System. The opinion stated that relator “was immunized from any prosecution by reason of the Florida laws.” We conclude that the quoted language, in context, necessarily has reference only to prosecutions for the matters about which interrogation was conducted. The decision accordingly does not preclude prosecution for offenses such as perjury, an issue not before the court, and is in our opinion consistent with the cited cases.
The writ of certiorari issued herein is therefore quashed.
CALDWELL, C. J., DREW, THOR-NAL and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.

. F.S. Sec. 932.29, F.S.A.