OWEN, Judge.
Petitioner sought the issuance of an alternative writ of mandamus to require the respondent, as Clerk of the Circuit Court of the Seventeenth Judicial Circuit, to perform in accordance with an order entered by the Honorable Douglas S. Lambeth, as Judge of the Court of Record in and for Broward County, Florida. Petitioner, having been indicted for the crime of perjury alleged to have been committed by him while testifying under oath before the 1966 Fall Term Grand Jury of the Seventeenth Judicial Circuit of Florida, obtained from Judge Lambeth an order dated February 21, 1968, directing the respondent to deliver to the court reporter certain notebooks containing testimony before the grand jury, which notebooks were being held by respondent pursuant to the provisions of F.S.1965, Section 905.27, F.S.A. The same order required that the court reporter transcribe the testimony given before the grand jury by petitioner, as well as the testimony of all witnesses testifying before said grand jury concerning the petitioner, with the original of the transcript to be delivered to the court and the copy to the county solicitor and a copy to petitioner’s attorney of record. Respondent notified petitioner’s counsel that due to the questionable jurisdiction of a judge of the court of record over the grand jury records, respondent would be unable to comply with Judge Lambeth’s order until such time as respondent was ordered by the appropriate circuit court judge to relinquish control of the reporter’s notes of the grand jury proceedings.
The petition for alternative writ of mandamus is denied. The petition does not allege and the record before us does not establish that petitioner does not have any other adequate legal remedy. In State of Florida ex rel. Bateman v. O’Toole, Fla.App. 1967, 203 So.2d 527, we settled the question *251 of the authority of the judge of the court of record to order the clerk of the circuit court to release the court reporter’s notes of grand jury proceedings. There is no showing made in the petition or in the record before us that petitioner cannot obtain from the Court of Record of Broward County, Florida, enforcement of its order of February 21, 1968. The petition,'not making out a prima facie case for this reason, is denied.
REED, J., concurs.
CROSS, J., agrees to conclusion.