226 So.2d 456 (1969)
Robert Larry STANCEL, Relator,
v.
The Honorable Robert W. SCHULTZ, Judge, Court of Record, Manatee County, Florida, Respondent.
No. 69-191.
District Court of Appeal of Florida. Second District.
September 19, 1969.
John M. Hathaway, Punta Gorda, for relator.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for respondent.
*457 PIERCE, Judge.
This is an original proceeding filed in this Court by relator Robert Larry Stancel seeking a writ of prohibition to restrain Hon. Robert W. Schultz, Judge of the Court of Record for Manatee County, from proceeding with the trial of a criminal case against relator now pending in said Court.
The factual background of this case began on June 8, 1968, when relator Stancel, who was and had been incarcerated in the DeSoto County jail, was subpoenaed to testify before the Legislative Council's Select Committee to Investigate Organized Crime and Law Enforcement, at Miami; that at said Committee Meeting, as a result of "a certain telephone conversation" between a Senator member of the Committee and the State Attorney for the Twelfth Judicial Circuit of Florida (Manatee County) "Stancel was theoretically granted immunity from prosecution of certain crimes"; that Stancel did so testify and answered all questions propounded to him at said meeting, and was then returned to the DeSoto County jail; that later Stancel was subpoenaed to appear before the same Committee at Tampa on August 14, 1968, and upon his arrival at said meeting he was given a polygraph test; that thereafter and on the same date a "Contract of Immunity" was drawn up and executed by Stancel, Stancel's attorney, and the State Attorney for the 13th Judicial Circuit (Tampa), Hon. Paul Antinori, Jr.; that on September 9th, 1968, said "Contract" was "ratified and confirmed" by order signed by a local Circuit Judge of that Circuit; that thereupon Stancel testified at said August 14th meeting of the Committee and answered all questions propounded to him, after which he was returned to the DeSoto County jail; that on October 10th, 1968, Stancel submitted to questioning by a representative of the Florida Bureau of Law Enforcement "as to his activities and alleged crimes and his connection with organized crime within the State"; that on August 9, 1968, Stancel had filed a motion to dismiss an information in a criminal case pending against him in the Court of Record for Manatee County upon the ground of immunity, which motion upon said ground was denied by Judge Schultz on February 20, 1969; that said criminal case was thereafter set for trial in said Court of Record for Manatee County before Judge Schultz for April 7, 1969.
Stancel thereupon filed in this Court on April 2, 1969, his original suggestion for writ of prohibition to prevent said Court of Record from proceeding with the criminal trial on the ground that said "Contract of Immunity" aforesaid immunized him from prosecution. We issued the Rule Nisi on April 3, 1969. All briefs have been filed and oral arguments presented, and the cause is now pending before this Court upon the question of issuance of the Rule Absolute.
At this point, we set forth the "Contract of Immunity" and the Order ratifying the same, as follows:

"CONTRACT FOR IMMUNITY
THIS AGREEMENT made this 14th day of August, A.D. 1968 by and between the HONORABLE PAUL ANTINORI, JR., State Attorney, State of Florida, and ROBERT LARRY STANCEL.
WITNESSETH:
WHEREAS, the HONORABLE ROBERT L. SHEVIN, Chairman of the Select Committee to Investigate Organized Crime and Law Enforcement has requested PAUL ANTINORI, JR., State Attorney, State of Florida, to grant immunity to ROBERT LARRY STANCEL in furtherance of this investigation.
WHEREAS, the HONORABLE PAUL ANTINORI, JR., State Attorney, is desirous of securing the testimony of ROBERT LARRY STANCEL and has caused to be subpoenaed the said ROBERT LARRY STANCEL to appear and testify before said committee, and,
WHEREAS, the HONORABLE PAUL ANTINORI, JR., State Attorney, is desirous *458 of granting unto ROBERT LARRY STANCEL immunity from prosecution for any of the matters testified to by the said ROBERT LARRY STANCEL or presented to said committee for his full disclosure and testimony in the area under investigation, and,
WHEREAS, the HONORABLE PAUL ANTINORI, JR., State Attorney and ROBERT LARRY STANCEL, are desirous of entering into a contract for immunity which contract can be approved.
NOW THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS CONTAINED HEREIN, It is Hereby Agreed As Follows:
1. THAT ROBERT LARRY STANCEL will appear before the Select Committee to Investigate Organized Crime and Law Enforcement on August 14, 1968, and will fully answer all questions put to him and will not invoke the provisions of the Fifth Amendment to the Constitution of the United States of America or Article 12 of the Declaration of Rights, Florida Constitution giving him the right to remain silent.
2. THAT ROBERT LARRY STANCEL is hereby granted immunity from prosecution for any crimes that he has committed in the past up to this date, August 14, 1968, and in relation to any matters or facts to which he gives testimony, or for any matters under investigation or presented to the Select Committee to Investigate Organized Crime and Law Enforcement on August 14, 1968.
3. THAT this contract is supplemental to any statutory immunity to which ROBERT LARRY STANCEL may be entitled and this agreement is not intended to waive any such statutory immunity.
IN WITNESS WHEREOF, the parties have set their hands and seals the date of August 14, 1968.
 PAUL ANTINORI, JR.
 STATE ATTORNEY
 By /s/ Joseph L. Thury
 JOSEPH L. THURY
 Chief Assistant State Attorney
 /s/ Robert L. Stancel 
 ROBERT LARRY STANCEL
 /s/ John M. Hathaway
 JOHN M. HATHAWAY
 Attorney for
 ROBERT LARRY STANCEL
 IN THE THIRTEENTH JUDICIAL CIRCUIT COURT OF FLORIDA
 IN AND FOR HILLSBOROUGH COUNTY FLORIDA
 IN RE: |
 |
 THE MATTER OF |
 >
 ROBERT LARRY STANCEL |
 |
 IMMUNITY |

*459 ORDER
WHEREAS, the HONORABLE PAUL ANTINORI, JR., State Attorney, State of Florida, has granted ROBERT LARRY STANCEL by Contract immunity for all crimes committed by him in the past to the date of August 14th, 1968, and,
WHEREAS, the said Contract for Immunity has been presented to this Court for ratification and confirmation, and,
WHEREAS, the Court being fully advised in the premises, it is
ORDERED AND ADJUDGED that that particular Contract, dated August 14, A.D. 1968, by and between the HONORABLE PAUL ANTINORI, JR. State Attorney, State of Florida and ROBERT LARRY STANCEL, said contract being signed by JOSEPH L. THURY, Chief Assistant State Attorney, ROBERT LARRY STANCEL and his Attorney, JOHN M. HATHAWAY, the same is hereby ratified and confirmed.
DONE AND ORDERED in my Chambers, Tampa, Hillsborough County, Florida, this 9th day of September, A.D. 1968.
 /s/ Roger D. Flynn 
 CIRCUIT JUDGE"
It will be noted that the "Contract" presumes to give Stancel "immunity from prosecution for any crimes that he has committed in the past up to this date, August 14, 1968." No territorial or jurisdictional limitations are set forth therein nor are there any exceptions or restrictions as to when or how long, prior to August 14, 1968, the prosecutions may have been pending nor of the kind or nature of the "crimes" with which he may have been charged.
It seems to be generally held that immunity from prosecution must derive from a specific statutory or constitutional provision. 22 C.J.S. Criminal Law § 46(1) p. 155 et seq.; State v. Schroeder, Fla. 1959, 112 So.2d 257. In Schroeder our Supreme Court used the language:
"Immunity from prosecution is a creature of statute, (§ 932.29, F.S.A.) * *"
Said F.S. § 932.29, F.S.A. is our present immunity statute and is a continuation of § 6017, Revised General Statutes, 1920, and § 8311, Compiled General Laws, 1927, which latter was the express authority for the "statutory agreement" relied upon for the claim of immunity in Ingram v. Prescott, 1933, 111 Fla. 320, 149 So. 369. So that case is not authority to the contrary.
Under F.S. § 932.29, F.S.A., it is extremely doubtful if the "Contract for Immunity" involved here could be utilized as the legal basis for immunizing Stancel from criminal prosecutions in Hillsborough County where executed. This is so for numerous reasons, not necessary here to go into. See the Florida Bar v. Massfeller, Fla. 1964, 170 So.2d 834; State ex rel. Marcus v. Pearson, Fla. 1953, 68 So.2d 400.
But regardless of the applicability or effectiveness of the "Contract" as to Hillsborough County prosecutions, we are convinced it would have no binding force outside the Thirteenth Judicial Circuit (Hillsborough County) whose State Attorney alone spoke for the State in entering into the contract. There is no Florida case directly on the point and the Supreme Court specifically declined to rule on it in Cortes v. State, 1938, 135 Fla. 589, 185 So. 323.
But the Florida statutes prescribing the duties of the State Attorney under authority of Art. V, § 6(6) of the Constitution, F.S.A., rather clearly limit his duties and authority to the judicial circuit wherein he has been duly elected and qualified. F.S. § 27.01 et seq., F.S.A. The only exception is where a local State Attorney has been specifically "directed by the governor to go and assist any other state attorney in the discharge of his duties", F.S. § 27.15, F.S.A., a prerequisite which admittedly did not exist here. Basic legal principles would logically deny such extra-territorial authority. Furthermore, endless confusion bordering *460 upon chaos could conceivably ensue if such power were sanctioned.
Seemingly only one Court in the country, the Court of Appeals of Maryland, in Allers v. State, 144 Md. 75, 124 A. 399 (1939) has passed upon the point. The Maryland Court, after observing that defendant Allers "was being tried for an offense which was in no way connected with the criminal case in which he became a witness on the promise of immunity" held that 
"* * * the state's attorney, who is alleged to have promised immunity as to all crimes which defendant had then committed as an inducement to him to testify in a particular case about to be tried in Baltimore City, [but] such promise would have been without authority or effect so far as it was intended to protect the defendant from prosecution in the present case. * * *
Here it is sought to bind state's attorneys in all other jurisdictions of the state as to crimes which may have been committed within their respective jurisdictions, but entirely beyond the jurisdiction of the state's attorney for Baltimore City, by an alleged promise of immunity by the state's attorney for Baltimore City as to such extrajurisdictional crimes.
It does not require either argument or citation of authority to refute such a proposition. If immunity could be given in this way, a dishonest official could, corruptly, and an honest one, unwittingly, release from prosecution a man guilty of murder or rape in any part of the state as an inducement to testify against an accomplice in a larceny case entirely unconnected with the more serious crime.
Mr. Leach was and is state's attorney in and for Baltimore City, and a very able and zealous one, but he had not the authority of the state as a prosecuting officer, outside of his own jurisdiction (except in matters originating therein), either to speak or act for the state."
While, as hereinbefore indicated, we may perceive other formidable barriers to the successful utilization of the "Contract for Immunity", we prefer to ground our disposition of the instant case upon the narrow premise of its extra-territorial ineffectiveness. Accordingly, the absolute rule in prohibition is denied and the suggestion is dismissed.
LILES, Acting C.J., concurs.
McNULTY, J., concurs specially.
McNULTY, Judge (concurring specially).
I agree that the rule should be denied and the suggestion of prohibition dismissed. Clearly, the relator does not have statutory immunity[1] which would bar prosecution.[2] Our immunity statute, supra, deals only with investigations or proceedings in the courts and does not include investigations or hearings conducted by special committees of the Legislature.[3]
However, I don't believe it is necessary to decide whether he has contractual immunity or, if so, whether the prosecuting attorney in one district can grant immunity in another. If the relator does have a valid contract of immunity it does not, unlike statutory immunity, bar prosecution.[4] Such contracts of immunity are governed by equitable principles and are based on the pledged faith of the public. One so immunized must abide by the sound discretion of the court, and he cannot plead such contract in bar. He may therefore be prosecuted, although the manner in which he performs his part of the contract (taking *461 into account his truthfulness, good faith, candor and cooperation) may give rise to such equitable considerations as may preclude enforcement or imposition of sentence as punishment if convicted.
For these reasons I would concur in the result of the majority opinion; but I would not agree that immunity, such as it may be, may not be granted by contract, and I do not find it necessary to pass on the question of whether the state attorney in one circuit can bind the state by "contract of immunity" from a prosecution in another.
NOTES
[1] § 932.29, F.S.A.
[2] See, e.g., Buchanan v. State ex rel. Husk (Fla.App.3d 1964), 167 So.2d 38.
[3] See Op.Atty.Gen. (1960), 060-168.
[4] Cortes v. State (1938), 135 Fla. 589, 185 So. 323; and Ingram v. Prescott (1933), 111 Fla. 320, 149 So. 369.