ON MOTION FOR ORDER DISSOLVING STAY
MANN, Judge.
Gilliam, Beale and O’Brien were convicted of contempt in the Circuit Court after refusing to testify, although they had been granted immunity under Fla.Stat. § 914.04 (1971), F.S.A. We granted them bail pending appeal and fully considered their claim that despite statutory transactional immunity in Florida their Fifth Amendment rights were not fully protected, since Dare To Be Great, Inc. operates in other states and nations. These witnesses are employees of Dare To Be Great, Inc., whose principal officer, Glenn Turner, is being prosecuted in Pinellas County. We affirmed. They petitioned for certiorari. *659 Under Rule 4.5(c)(6), Florida Appellate Rules, 32 F.S.A., such a petition “shall automatically stay further proceedings in the district court and the trial court until the disposition of said petition by the Supreme Court,” “unless the district court shall otherwise direct for good cause shown after notice and hearing.” We so direct.
The State contends that these witnesses are necessary to the presentation of the State’s case in a trial which begins next Monday. We heard them Thursday. “Good cause” is clearly shown under all of the circumstances of this case, not all of which are set forth in the motion, but appear clearly of record.
First, the arguable nature of the petitioners’ point is of great importance, and the court being reviewed should not reflexively assume that its decision is the right one. This is more strongly the case as to a first appellate review, and for this reason we admitted these petitioners to bail pending appeal while the case was here. But under our system appeal as of right is limited to one appeal, and the Supreme Court of Florida in the exercise of conflict jurisdiction plays a harmonizing, not a corrective, role. Thus the petitioners’ claim that our decision in this case conflicts with Stancel v. Schultz, Fla.App.2d 1969, 226 So.2d 456, is no basis under the present Constitution for invocation of Supreme Court Jurisdiction. Present Article V, Section 4, F.S.A., allows the Supreme Court to review a decision of a district court of appeal “that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law.” On January 1, 1973, the Supreme Court will acquire jurisdiction to review a decision in conflict with any district court of appeal. Fla.Const. Art. V, § 3(b)(3).
Thus there is no arguable basis for conflict jurisdiction at this time.
We pass on to remark that we carefully considered the claim that this case is governed by Stancel and found it without merit. Stancel was given contractual immunity from every crime he haa ever committed, and we held that prohibition would not lie to forbid prosecution in a circuit not bound by the contract. As Judge McNulty pointed out in his special concurrence, Stancel might have equitable defenses which should be considered by the court exercising jurisdiction over him, and that his Fifth Amendment rights could there be considered in the light of the immunity contract. Here there is no question of jurisdiction, and the immunity afforded these witnesses complies strictly with Fla. Stat. § 914.04 (1971), F.S.A. They are thus afforded complete transactional immunity — more than the Constitution requires [1] —within the State of Florida. The question before us was whether they were protected to the extent of their Fifth Amendment privilege by use and derivative use immunity elsewhere. We considered, in the light of this year’s decisions of the United States Supreme Court in Kastigar[2] and Zicarelli [3], whether Murphy v. Waterfront Commission,[4] in which a fear of federal prosecution was alleged as a barrier to testifying before a state commission, settled the law that these witnesses have no reasonable fear of a sister-state prosecution. We concluded that Murphy was intended as a declaration of constitutional principle and has been uniformly interpreted to forbid the use or derivative use of testimony compelled under grant of immu *660 nity in another state. Fear of foreign prosecution in this case is no more clearly shown than in Zicarelli,[5] We conclude that the immunity afforded these petitioners is adequate, that claims of its inadequacy have been fully explored by this court, not only on the petitioners’ brief but on our own initiative, and that there is no ground for further review in the Supreme Court of Florida.[6]
The second ground on which cer-tiorari is sought is that the decision “affects a class of constitutional or state officers.” The authority for this proposition is Richardson v. State, Fla. 1971, 246 So.2d 771. That case dealt with the duties of state attorneys, and in dicta the Court stated that its jurisdiction attached not only because of the district court decision affecting prosecutors but because it bound trial judges as well. If this broad statement is taken literally, any decision of a district court of appeal would be reviewable. Our decision in this case related to the duties of the witnesses to testify, and only incidentally affected the prosecutor involved. We think that this ground is, if not constitutionally inadequate, so tenuous that assumption of jurisdiction on this basis is extremely unlikely.
The automatic stay rule is designed to fit all cases. Perhaps the most common is that of a money judgment, and the rule has the effect of preventing premature levy of execution, the alternative to which would be an application for supersedeas in nearly every case. Thus the typical situation is thought to require automatic stay, with power in the district court to dissolve that stay.
There is a balancing of interests required, and in this case those considerations require that we grant the motion. The State has a legitimate interest in the testimony of these witnesses. We have reasonably delayed the pursuit of that interest so that the witnesses’ claims may be given full consideration. They have been. Now the State has shown good cause why the automatic stay should be dissolved.
Considering the gravity of petitioners’ claims, the care with which this court has considered them, the scant likelihood of a different result on further review, along with the untenable ground on which conflict certiorari is sought and the tenuous ground on which our decision is said to affect a class of constitutional or state officers, we conclude that the State’s showing of need to proceed without delay is sufficient to constitute good cause under F.A.R. 4.5(c)(6) and that the stay should be dissolved.
Ordered accordingly.
LILES, A. C. J., and McNULTY, J., concur.

. Zicarelli v. New Jersey State Commission of Investigation, 1972, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234.

. Kastigar v. United States, 1972, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212.

. Zicarelli v. New Jersey Commission of Investigation, 1972, 406 U.S. 472, 92 S. Ct. 1670, 32 L.Ed.2d 234.

. 1964, 378 U.S. 52, 84 S.Ct. 1594, 12 L. Ed.2d 678.

. Zicarelli v. New Jersey Commission of Investigation, 1970, 55 N.J. 249, 261 A.2d 129, 1972, 406 U.S. 472, 92 S.Ct. 1670, 32 E.Ed.2d 234.

. Kastigar v. United States, 1972, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212; Zicarelli v. New Jersey Commission of Investigation, 1970, 55 N.J. 249, 261 A.2d 129, 1972, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234; Murphy v. Waterfront Commission, 1964, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678; and In re Petition of Specter, 1970, 439 Pa. 404, 268 A.2d 104.