BENTON, Judge,
dissenting.
The court today decides that appellant’s claim that his sentence was unconstitutionally lengthened, after he had begun serving it, cannot be considered under a rule that provides: “A court may at any time correct an illegal sentence imposed by it-” Fla. R.Crim.P. 3.800(a). The opinion in Davis v. State, 661 So.2d 1193 (Fla.1995) should not, in my opinion, be read so narrowly. A sentence that has been unconstitutionally enhanced, see Justice v. State, 674 So.2d 123 (Fla.1996); Lippman v. State, 633 So.2d 1061 (Fla.1994); Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Merriman v. State, 671 So.2d 879 (Fla. 3d DCA 1996); Hinton v. State, 446 So.2d 712, 713 (Fla. 2d DCA 1984); Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980); Beckom v. State, 227 So.2d 232, 233 (Fla. 2d DCA 1969) (citing Smith v. Brown, 135 Fla. 830, 832, 185 So. 732, 733 (Fla.1938)), is “an illegal sentence ... [in] that [it] exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.” Davis, 661 So.2d at 1196.