PER CURIAM.
Defendant has filed this appeal from an order denying relief under Criminal Procedure Rule One, F.S.A. ch. 924 Appendix.
On February 4, 1963, an information was filed in the Criminal Court of Record of Polk County charging the defendant, along with two others, with Count 1, Conspiracy to Commit Robbery, and Count 2, Robbery. Defendant appeared before the court on February 8, 1963, with his attorney, and entered a plea of not guilty. The case was set for jury trial on March 21, 1963. Subsequently defendant’s original attorney withdrew from the case. Defendant’s second attorney obtained continuances for various reasons and the trial was postponed until July 25, 1963.
The defendant failed to appear for his trial and his second attorney withdrew from the case. On July 13, 1964, the defendant, having again been placed in custody, appeared before the court, was adjudged to be insolvent, and a public defender was appointed to represent him. Defendant’s trial in Polk County was then continued so that he could be tried in Dade County.
On March 11, 1965, defendant appeared in the court with the public defender, pled guilty to both counts of the information and was placed on probation for five (5) years.
On March 16, 1965, an affidavit for violation of defendant’s probation was filed in the Criminal Court of Record for Polk County. On May 21, 1965, this warrant was withdrawn and the defendant restored to supervision. Subsequently the defendant fled to Texas. He was again placed in custody and brought back to Polk County. On March 30, 1966, a hearing was held and the defendant’s probation was revoked and he was sentenced to ten (10) years in the State Prison on Count 2 of the Information.
Defendant claims that he was denied a speedy trial because he was held for three terms of court before entering his plea of guilty. It should be noted that during this period defendant was transferred to the Dade County Jail for trial on another charge.
Under Fla.Stat., Sec. 915.01, F.S.A., a defendant can be released from custody if he is not given a trial for three consecutive terms of court, but the defendant must file a request for a trial before this statute takes effect. Silence on the part of the accused will not activate this statute. Loy v. Grayson, Fla.1957, 99 So.2d 555; Kelly v. State ex rel. Morgan, Fla.1951, 54 So.2d 431; and Kemp v. State, Fla.App.1965, 177 So.2d 58. Defendant here filed no request for trial, so he cannot seek relief under Fla.Stat., Sec. 915.01, F.S.A.
The defendant was placed on probation for five (5) years. He admitted he was in Texas when he was placed in custody for violating his probation. Defendant at no place in his argument claims that the revocation of his probation was error. However, defendant does claim that it was *35 error for the court to impose a sentence of ten (10) years in prison for this was greater than the length of the probation. Under Fla.Stat., Sec. 948.06, F.S.A., if probation is revoked, the court may impose any sentence which it might have originally imposed before placing the probationer on probation. Defendant could have been originally sentenced to life imprisonment (Fla.Stat., Sec. 813.011, F.S.A.), so it was not error to sentence him to ten years in prison after his probation was revoked.
Finding no error in the proceedings in the lower court, defendant’s conviction and sentence is affirmed.
Affirmed.
SHANNON, Acting C. J., and LILES and PIERCE, JJ., concur.