SHANNON, Judge.
Appellant appeals an order denying his second post-conviction motion filed pursuant to Fla.R.Crim.P. 1, F.S.A. ch. 924 Appendix, to set aside the revocation of his probation and the sentence entered thereon.
Appellant was convicted of robbery and was sentenced to a prison term of six months to three years. Upon reconsideration the court below placed him on probation for a period of three years. Subsequently he was charged with violating a condition of his parole by drinking excessively. He admitted the violation at the re *557 vocation hearing which followed, and the court revoked his probation and sentenced him to a prison term of six months to ten years.
Appellant then filed his first Rule 1 motion, wherein he contended that the court could not increase the sentence originally imposed. The motion was denied, and the appeal which followed was quashed by this court on the ground that the questions raised were manifestly without substantial merit. Ruiter v. State, Fla.App.1966, 188 So.2d 592 (mem.).
Appellant later filed his second Rule 1 motion, the denial of which led to this appeal. One of the grounds urged in support thereof, and now urged here, is the same ground which was the basis of appellant’s first motion and appeal. It has already been considered by both this court and the court below and need not be reconsidered. Fla.R.Crim.P. 1. Appellant has, however, raised three new grounds: (1) that he was unconstitutionally denied an appeal from the denial of his earlier motion; (2) that the only evidence at the revocation of probation hearing was his admission of excessive drinking and was, as such, legally insufficient to support the revocation order; and (3) that he was in effect given an unconstitutionally harsh punishment for the offense of intoxication, to wit, a seven year prison term.
Appellant’s first contention is based on this court’s failure to appoint counsel to represent him on the earlier appeal. An indigent defendant, however, is entitled to court-appointed counsel on appeal only where necessary to accomplish a fair and thorough presentation of his claims. State v. Weeks, Fla.1964, 166 So.2d 892, 897. Appellant’s aforementioned claim, that the court below illegally increased the sentence originally imposed, was not so complex that due process required this court to appoint counsel to present it on his behalf. Furthermore, Fla.Stat., Sec. 948.-06(1) (1965), F.S.A., directly contradicts the validity of such claim, rendering it, as previously held, manifestly without substantial merit. Thus, appellant was not denied his right to an appeal.
The same statute is likewise fatal to appellant’s second argument. It explicitly provides that if a probationer admits the parole violation with which he has been charged, the court may revoke his probation forthwith. Fla.Stat., Sec. 948.06(1) (1965), F.S.A.
Appellant’s final contention is also without merit. Upon revocation of his probation the court below was permitted to impose any sentence which it might originally have imposed. Fla.Stat., Sec. 948.06(1) (1965), F.S.A. The sentence of six months to ten years was imposed for the offense of robbery alone, not three years for robbery and seven years for intoxication. Since the maximum punishment for robbery is life imprisonment, Fla.Stat., Sec. 813.011 (1965), F.S.A., said sentence is legal. See Wilson v. State, Fla.App.1967, 194 So.2d 33, 34-35; McNeely v. State, Fla.App.1966, 186 So.2d 520, 523.
In view of the foregoing, the order here appealed is affirmed.
Affirmed.
LILES, C. J., and HOBSON, J., concur.