225 So.2d 548 (1969)
The STATE of Florida, Petitioner,
v.
Kathy Lou EVANS, Respondent.
No. 69-310.
District Court of Appeal of Florida. Third District.
July 16, 1969.
Rehearing Denied September 8, 1969.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for petitioner.
Tobias Simon, Miami, for respondent.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
The state has brought this petition for certiorari to review an order of the Criminal Court of Record in and for Dade County which purported to vacate respondent's *549 sentence of 99 years in the state penitentiary.[1]
The state urges us to grant the writ because the trial court lacked jurisdiction to enter the order attacked and therefore did not follow the essential requirements of law. We agree with the state's position. We grant the writ and quash the order entered by the criminal court of record.
A jury found the respondent guilty of breaking and entering a dwelling and assaulting persons lawfully therein and guilty of robbery. On March 25, 1966, the court adjudicated her guilty on both counts, ordered that she be imprisoned for 99 years, and ordered that she be committed to the custody of the sheriff. On May 17, 1966, respondent filed a motion to mitigate her sentence pursuant to § 921.25, Fla. Stat. (1965), F.S.A.[2] Thereafter, she filed her notice of appeal seeking review of the judgment and sentence by this court. Our decision of respondent's appeal is reported at 197 So.2d 323. The mandate of this court affirming the judgment and sentence was filed in the trial court on April 21, 1967.
Approximately 21 months after that filing the trial judge, upon motion of respondent's counsel, ordered the state to deliver the respondent to the court for hearing on the motion to mitigate the sentence. At the first hearing the state declared it had no objection to the proceedings. At the second and last hearing the state for the first time asserted that the trial judge had no jurisdiction to proceed in the matter. On March 18, 1969, the trial judge entered the order set forth in footnote 1, above.
The dates we think important to the decision of this case are: March 25, 1966 (judgment and sentence); May 17, 1966 (filing of the motion to mitigate); April 21, 1967 (filing in the trial court of the mandate of this court affirming the judgment and sentence); March 18, 1969 (entry of the order we are considering).
It is well settled in this state that a court which imposes a lawful sentence loses jurisdiction over such sentence (except to enforce it) upon the expiration of the term of court in which the sentence was imposed, unless some constitutional or statutory *550 provision extends the trial court's control of its sentence for specific periods and purposes. Tanner v. Wiggins, 54 Fla. 203, 45 So. 459, 14 Ann.Cas. 718 (1907); Tucker v. State, 100 Fla. 1440, 131 So. 327 (1930); Preston v. State, 117 Fla. 618, 158 So. 135 (1934); Smith v. Brown, 135 Fla. 830, 185 So. 732 (1938); State v. Schaag, Fla.App. 1959, 115 So.2d 783.
The respondent recognizes this principle of law but urges that § 921.25, Fla. Stat. (1965), F.S.A., set forth in footnote 2 above, is sufficient statutory authority to extend the trial court's authority over her sentence beyond the expiration of the term during which it was imposed. The statute grants a limited time within which it may reduce a legal sentence after a term of court has ended,[3] namely, 60 days from the date the sentence was imposed or 60 days from the date of the effective termination of appellate process. Under the circumstances of this case the 60 days began to run upon the filing in the trial court of the mandate of this court affirming the judgment and sentence. The mandate was filed on April 21, 1967; the 60 day period ended on June 20, 1967. At the end of the latter date the criminal court of record had no power to change respondent's lawful sentence in any way. Therefore when that court entered the order of March 18, 1969, it acted without jurisdiction. As a consequence that order is a nullity.
The respondent contends and urges us to hold, that if a motion to mitigate sentence is filed within 60 days of the date a sentence is pronounced by a trial court, that court has the power to hold hearings on the motion and act upon it at any time. Cf. Leyvas v. United States, 371 F.2d 714 (9th Cir.1967). The plain language of § 921.25 and Rule 1.800(b) prohibits us from announcing such a rule. Respondent's construction of the statute and rule would permit indefinite supervision by a trial court over all legal sentences it imposes. Such supervision does not accord with reason or public policy. Under our tripartite system of government there must come a time when the judiciary's power to reduce a lawful sentence ends and vests in the executive department. Cf. Brown v. State, 152 Fla. 853, 13 So.2d 458, 461-462 (1943); Annot. 168 A.L.R. 706, 711 (1947). We think the statute and rule prescribe that time.
Our conclusion that the trial court had no jurisdiction to enter its order is reinforced by the fact that the court did not order that the sentence be reduced; it ordered rather that the sentence be vacated. But the statute and the rule say a trial court may reduce a sentence; they do not say a court may vacate a sentence. The trial judge therefore clearly acted without statutory authority by vacating respondent's sentence. He also exceeded his authority by ordering that the respondent be placed on probation for ten years, since the granting of probation does not constitute the correction or reduction of a sentence. See Whitfield v. United States, 401 F.2d 480, 482 (9th Cir.1968); Phillips v. United States, 212 F.2d 327 (8th Cir.1954); 24 C.J.S. Criminal Law § 1618(3), p. 876; cf. 21 Am.Jur.2d Criminal Law § 562.
Respondent has also filed a motion to dismiss the state's petition for certiorari. We reserved ruling on that motion until the time of oral argument because the grounds of the motion presented matters involving the merits of the petition. Respondent urges that the state is estopped from denying jurisdiction of the trial court to enter the order attacked because it has been customary for judges of the Criminal Court of Record in and for Dade County *551 to hear motions for mitigation at any time, if those motions were filed prior to the expiration of the 60 day time limit. She further urges that it would be grossly unfair and unjust if without prior notice to her we hold that customary practice to be improper.
Reduced to its essentials this argument says that while § 921.25 may not have conferred jurisdiction on the trial court to enter the order under consideration, a customary disregard of the statute did confer jurisdiction. There are several reasons why we cannot accept this argument. A court obtains jurisdiction over the subject matter in a criminal case only through a conferral by law. State v. Steinberg, 49 Idaho 702, 291 P. 703 (1930); State ex rel. Hanson v. Rigg, 258 Minn. 388, 104 N.W.2d 553 (1960); State v. Tickle, 238 N.C. 206, 77 S.E.2d 632 (1953); Ex parte Waldock, 142 Okla. 258, 286 P. 765 (1930); Pillsbury v. State, 31 Wis.2d 87, 142 N.W.2d 187, 191 (1966). Jurisdiction over the subject matter cannot be conferred upon a court by waiver, acquiescence, consent, or failure to object. Cancela v. State, 147 Fla. 500, 2 So.2d 859 (1941); 21 Am.Jur.2d Criminal Law § 379. It should also be pointed out that "the fact that it is the legal custom to violate the law does not constitute a defense. It is immaterial that such custom and usage may have been for a long time acquiesced in by the community in which it prevails". 1 Wharton Criminal Law and Procedure § 129 (footnotes omitted). Cf. City of Miami Beach v. Lincoln Investments, Inc., Fla.App. 1968, 214 So.2d 496; City of Leesburg v. Knight, Fla.App. 1964, 164 So.2d 547, 549.
Having concluded that the trial court proceeded without jurisdiction, that the order under consideration does not accord with the essential requirements of law, and that there is no merit in the motion to dismiss the petition, we grant the writ and quash the order dated May 18, 1969. The trial judge is directed upon the filing of a certified copy of this opinion and judgment in the Criminal Court of Record in and for Dade County to cause to be issued an order directing the return of the respondent to the proper authorities for incarceration pursuant to the lawful sentence entered in the cause of the State of Florida v. Kathy Lou Evans, case no. 65-8203, on the 25th day of March 1966.
It is so ordered.
NOTES
[1] * * *

"ORDERED AND ADJUDGED AS FOLLOWS:
1. The Defendant's motion to mitigate the sentence be and the same is hereby granted.
2. The sentence heretofore imposed upon the Defendant be and the same is hereby vacated.
3. The Defendant, KATHY LOU EVANS, be and she is hereby ordered discharged from incarceration forthwith.
4. The Defendant, KATHY LOU EVANS, be and she is hereby placed on probation for a period of ten years from the date hereof, under the supervision of the Florida Probation and Parole Commission, and its supervisors, such supervision to be subject to the provisions of the laws of this State.
5. During this period of probation, the Defendant shall comply with the following conditions of probations * * *"
* * * * *
[2] "Legal sentence, reduction.  A court may reduce a legal sentence imposed by it in a criminal case at the same term of court at which it has been imposed, or, if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, whether a state court or the United States supreme court, has entered an order of affirmance or an order dismissing appeal and/or denying certiorari."

This statute has been adopted as a rule of court. See Rule 1.800(b), Florida Rules of Criminal Procedure (1968), 33 F.S.A.
[3] The criminal courts of record have six regular terms each year. § 32.03(1), Fla. Stat. (1965), F.S.A.; § 32.03(1), Fla. Stat. (1967), F.S.A. In Dade County the terms are held on the second Tuesday in February, April, June, August, October, and December. § 32.03(4) (a), Fla. Stat. (1965), F.S.A.; § 32.03(4) (a), Fla. Stat. (1967), F.S.A.