231 So.2d 872 (1970)
Donald Frank WARE, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-693.
District Court of Appeal of Florida, Third District.
February 24, 1970.
*873 Jack R. Nageley, and Harvey S. Swickle, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
BARKDULL, Judge.
The appellant was originally informed against in the Criminal Court of Record in and for Dade County by the filing of several informations. He ultimately pleaded guilty and was sentenced to two years as to each of five crimes referred to in the informations, with the sentences to run concurrently. Some five months after he began to serve these sentences, he was returned before the trial court on a motion to mitigate [in June of 1965] and placed on five years' probation. His probation was subsequently revoked in 1968 for alleged violation of probation. He was then re-sentenced to five years each on the five convictions, the first four to run consecutively for a total of twenty years, with the last five year sentence to run concurrently. He ultimately filed a petition, pursuant to Rule 1.850, Cr.P.R., 33 F.S.A., contending that the court erred upon revoking his probation and sentencing him to a term longer than the original sentences. Upon denial of his petition, he has prosecuted this appeal.
We find no merit in the contentions raised in the petition before the trial court. Wilson v. State, Fla.App. 1967, 194 So.2d 33; Ruiter v. State, Fla.App. 1967, 205 So.2d 556. We are concerned about what appears to be a fundamental jurisdictional problem that appears in this record, i.e., the power of the trial judge to recall the appellant before him after he had commenced the service of his sentence and after the expiration of the time provided for in § 921.25, Fla. Stat., F.S.A.; Rule 1.800, Cr.P.R., and in mitigating the sentence imposed. This was not raised in the trial court, but it is a fundamental error which is apparent on the record and, therefore, is reviewable by this court. Florio v. State *874 ex rel. Epperson, Fla.App. 1960, 119 So.2d 305, 80 A.L.R.2d 1117; Ritter v. Miami Marine Agency, Inc., Fla.App. 1961, 133 So.2d 107; Casey v. Smith, Fla.App. 1961, 134 So.2d 846; Rule 3.7, subd. i, F.A.R., 32 F.S.A.
The limits and control of a criminal trial judge over sentences once imposed have recently been the subject of an opinion by this court in State v. Evans, Fla.App. 1969, 225 So.2d 548, cert. denied, Fla. 1969, 229 So.2d 261,[1] which in effect holds, when applied to the facts of this case, that the trial judge did not have the power to mitigate the sentences in June of 1965; that said order placing the appellant on probation was void; that, therefore, all proceedings flowing from the void probation are a nullity. 19 Fla.Jur., Judgments and Decrees, § 254. And, it appearing from the record that the appellant has now served a term in the State prison in excess of the original two-year terms to run concurrently, the order under review be and the same is hereby reversed and remanded, with directions to discharge the appellant from the cause and from the custody of the State of Florida.
Reversed and remanded with directions.
NOTES
[1] It is recognized that these opinions were not available to the trial judge at the time he rendered the order under review in this case.