287 So.2d 322 (1973)
Franklin Eugene ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. S-467.
District Court of Appeal of Florida, First District.
December 20, 1973.
*323 Louis O. Frost, Jr., Public Defender, James O. Brecher and Ronald B. Cosgrove, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
CREWS, JOHN J., Associate Judge.
Appellant appeals from an Order of the Circuit Court of Duval County, Florida, vacating and setting aside an Order of Probation, conviction of manslaughter and sentence of fifteen years.
He contends first that the trial court erred and violated the Constitution of the United States and of the State of Florida in sentencing him to an illegal sentence, and second, that the trial court erred in revoking his probation because the probation revocation hearing was unconstitutional, unfair, and violated the minimum fundamental requirements of due process.
As to the first point, appellant argues that since he was originally sentenced to a probationary term of five years and upon revocation was sentenced to the maximum term of imprisonment allowable under law, to-wit, fifteen years, such sentence was clearly illegal.
Regarding the second point, the central thrust of his argument appears to be that it is improper for the judge who placed him on probation to sit as the decisionmaker (on revocation). Collaterally, he maintains that the trial judge was not impartial, thus denying him due process in revoking probation.
We find these contentions without merit, but reverse for other reasons.
The material facts are that upon a plea of guilty to the offense of manslaughter, the appellant was placed on probation for five years by use of the standard probation order. Nearly three years later, a Rule to Show Cause was served upon him in open court.
The Rule alleged that:
"The said Franklin Eugene Anderson violated condition (e) of his conditions of *324 probation in that it was reported by Harriet Roddy, 2866 Daffodil Circle East, that Franklin Anderson and she got into an argument at St. Vincent's Hospital on 12/2/72. As a result of the argument, Mrs. Roddy states that Franklin Anderson hit her head against the wall several times and then she ran from him. Anderson also told her "I'll kill you bitch." This eventually resulted in Mrs. Roddy taking out an Assault and Battery Warrant against Anderson in Justice of the Peace Poppell's Court on 12/15/72.
The said Franklin Eugene Anderson violated condition (k) of his conditions of probation in that he has yet to pay any Court Costs."
Subsequently, hearing was held before the original trial judge where evidence was adduced by the State which we find to be of such competent nature that the court was fully justified in revoking probation. We find this gratuitously as the appellant does not question the sufficiency of the evidence upon which the revocation was predicated.
Section 948.06, Florida Statutes Annotated, provides as follows:
"... If such probation is revoked, the court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation."
In Ruiter v. State, 205 So.2d 556 (Fla. App. 1967), it was held that imposition upon revocation of probation of sentence greater than that originally imposed was within the power of the trial court, where the second sentence was within statutory limitations.
The Florida Supreme Court, in Brill v. State, 159 Fla. 682, 32 So.2d 607 (Fla. 1947), held that the requirement of due process is met when the accused is afforded a hearing and given a chance to explain away the alleged violations of his probation:
"Such hearings are informal and do not take the course of a regular trial, neither does the evidence have the same objective as that taken at a regular trial. Its purpose is to satisfy the conscience of the court as to whether the conditions of the suspended sentence have been violated. A secondary purpose is to give the person accused of violating the suspended sentence a chance to explain away the accusation against him, but even this does not contemplate a strict or formal trial... ."
The appellant does not cite a single authority from any jurisdiction buttressing his bald assertion that the judge granting probation cannot constitutionally revoke same. Our independent research has failed to discover one.
We are concerned, however, with the following statement by the trial judge at the time the Rule to Show Cause was served which was uttered immediately after the appellant denied having threatened to kill anyone:
"THE COURT: They said so. You denied threatening to kill me, too. I warn you, my boys carry a gun. I also carry a gun."
A judge must not only be impartial, but he should leave the impression of his impartiality upon all who attend court. Though seldom will he receive the commendation of a defendant whom he sentences, he should not suffer himself to give the appearance of personal interest in the length of sentence.
In other words, a judge should examine his heart, know his prejudices, and if they can be fathomed, he should recuse himself.
*325 We are not concerned with form, but substance. The appearance of and absolute impartiality is essential. There must be no taint of any lack of objectiveness in all acts of a judge.
While we cannot find from the written record that the court below failed this standard, we do believe that in the interest of justice and to promote the continued confidence of our people in their judiciary which, after all, is the greatest protector of their constitutional rights, this cause should be and hereby is remanded with instructions to vacate the sentence, and for re-sentence to be pronounced by a different judge who may order the presentence investigation brought to date.
Reversed and remanded with instructions.
WIGGINTON, Acting C.J., and SPECTOR, J., concur.