308 So.2d 655 (1975)
STATE of Florida, Petitioner,
v.
Buster Dean BROWN, Respondent.
No. V-460.
District Court of Appeal of Florida, First District.
March 5, 1975.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for petitioner.
John W. Tanner, Daytona Beach, for respondent.
BOYER, Acting Chief Judge.
We here consider whether a Circuit Court has jurisdiction to modify the respondent's judgment and sentence. Respondent originally received a 10 month sentence on December 14, 1973, after pleading guilty to Count I of an information charging him with obtaining or attempting to obtain a narcotic drug or alteration. At the time the respondent entered his guilty plea, the State entered a nolle prosequi as to Count II of the information which charged the respondent with uttering a forged prescription. Respondent thereafter moved for a reduction of sentence which, although opposed by the State, was granted by an order of the trial court on April 8, 1974. That order reduced the respondent's 10 month sentence to a term of 114 days. The State then filed its petition for writ of certiorari to review the lower court's order of corrected judgment and sentence.
The State asserts that an order of corrected judgment and sentence must be made pursuant to Rule 3.800(b), RCrP which reads as follows:
"A court may reduce a legal sentence imposed by it at the same term of court *656 at which it has been imposed, or if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition... ."[1]
The record reveals that the original sentence was imposed during the fall term of the Circuit Court of Volusia County. By statute, the fall term of the Volusia County Circuit Court begins on the third Monday of October while the spring term begins on the second Monday in April. (F.S. 26.28) Uncomplicated computations disclose that the period of time between the imposition of the original sentence (December 14, 1973) and the conclusion of the fall term of court at which the original sentence was imposed exceeds 60 days: Therefore, in order for the order of corrected judgment and sentence to be valid, it must have been issued at the same term of court at which the original sentence was imposed.
The State argues that since the spring term of court began on April 8, 1974 (i.e. the second Monday in April), the fall term of court necessarily ended at midnight on the night of April 7, 1974. Therefore, according to the State, the April 8, 1974, order of the trial court could not have been issued at the same term of court at which the original sentence was imposed and is consequently invalid.
Respondent readily concedes that had April 7, 1974 fallen on a weekday, the order here in question would be void for lack of jurisdiction. However, respondent cites Rule 3.040, RCrP which provides in part, that "the last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day, which is neither a Saturday, Sunday, or a legal holiday...", arguing that since April 7, 1974 fell on a Sunday, the order of corrected judgment and sentence entered the very next Monday morning was valid.
We are of the opinion that Rule 3.040 RCrP is inapplicable to statutory time periods set by specific dates contained within a statute. To hold otherwise would mean that two terms of court and two grand jurys would always be in existence on the first day of each term of court, which always commences on a Monday. Such is not the intent of the rule. The rule was intended, for example, to extend a 30 or 60 day period (or any other such period of a fixed number of days) which does not begin or end on any particular date, where the last day of the period falls on a Saturday, Sunday, or legal holiday. It can hardly be gainsaid that the rule was not intended to apply to a period of time which begins and ends on specified dates and is immediately followed by a similarly defined period.
In summary, the fall term of court for the Circuit Court of Volusia County ended at midnight on Sunday, April 7, 1974, and the spring term began, as provided by statute, on Monday morning, April 8, 1974. (We note in passing that this conclusion is supported by the heading of the "Corrected Judgment and Sentence", entered by the lower court on April 8, 1974. That heading originally contained the designation "Fall Term, 1974", but the word "Fall" was crossed out and the word "Spring" substituted.)
We hold, therefore, that because the order of corrected judgment and sentence was not issued during the same term of court in which the original sentence was imposed (the term of court ending more than 60 days after imposition of the sentence sought to be reduced), the trial court was without jurisdiction to reduce the sentence. Accordingly, the order of corrected judgment and sentence is reversed.
Reversed.
McCORD and MILLS, JJ., concur.
NOTES
[1] The portions of Rule 3.800(b) not quoted above are inapplicable to the case sub judice because the respondent did not directly appeal the original judgment and sentence.