320 So.2d 827 (1975)
Larry Wayne JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 75-471.
District Court of Appeal of Florida, Fourth District.
October 24, 1975.
*828 Richard L. Jorandby, Public Defender, and Daniel T. O'Connell, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Robert B. Breisblatt and Harry Hipler, Asst. Attys. Gen., West Palm Beach, for appellee.
WALDEN, Chief Judge.
We affirm the conviction of defendant, as his points on appeal are unmeritorious.
The state cross appeals from the action of the trial court in entering a revised judgment of conviction and imposition of sentence on February 14, 1975, when the original sentence was entered on August 12, 1974. Fla.R.Cr.P. 3.800 states:
"* * *
"(b) A court may reduce a legal sentence imposed by it at the same term of court at which it has been imposed, or if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari." (Emphasis supplied.)
The revision was neither made in the same term as the original sentence,[1] nor within 60 days of the imposition, and therefore we reverse the order revising the original sentence with respectful directions that the original judgment and sentence be reinstated. Sayer v. State, 267 So.2d 42 (4th DCA Fla. 1972); State v. Evans, 225 So.2d 548 (3d DCA Fla. 1969).
Reversed and remanded, with directions.
CROSS and MAGER, JJ., concur.
NOTES
[1] See Fla. Stat. § 26.363 (1973) for the divisions of the Brevard County court terms.