PER CURIAM.
By this common law petition for certio-rari, the State calls on for review an order by the trial judge mitigating a sentence more than sixty days after he had imposed same and subsequent to a change in the term of the court.
We quash the order here under review. After the expiration of time for filing a motion to mitigate [see: Rule 3.-800(b) RCrP], the court lost jurisdiction to mitigate a sentence. State v. Evans, Fla.App.1969, 225 So.2d 548; Ware v. State, Fla.App.1970, 231 So.2d 872; Sayer v. State, Fla.App.1972, 267 So.2d 42; State v. Brown, Fla.App.1975, 308 So.2d 655. It is also apparent that the term of court, in which the original sentence had been entered, had expired and the court was in a new term; therefore, it lacked the power to mitigate the sentence. Compare Troupe v. Rowe, Fla.1973, 283 So.2d 857; Jones v. State, Fla.App.1974, 297 So.2d 93.
Therefore, the order under review be and the same is hereby quashed, and the matter is returned to the trial court with directions to provide that the respondent comply with the original sentence as entered.