330 So.2d 742 (1976)
Wilson J. MOSS, Appellant,
v.
STATE of Florida, Appellee.
No. Z-29.
District Court of Appeal of Florida, First District.
April 28, 1976.
Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was charged by information with seven counts of grand larceny, one count of resisting arrest with violence, and one count of assault and battery. On August 13, 1974, appellant was adjudged guilty on eight counts and sentenced to five years in the state prison on each count, sentences to run concurrently. Sentencing on the assault and battery charge was deferred. On February 18, 1975, the trial judge set aside each of the sentences previously imposed, and appellant was placed on five years probation. On June 4, 1975, the appellant was adjudged guilty of violating his probation and sentenced to six consecutive five year terms, two concurrent five year terms, all in the state prison, and to 60 days in the county jail. Appellant appeals from that judgment and sentence.
Appellant asserts that the trial court was without jurisdiction on February 18, 1975, to set aside the sentences imposed on August 13, 1974. Appellee candidly admits that appellant is correct. We agree.
The trial court was without jurisdiction to mitigate appellant's sentence on a date more than 60 days after imposition of sentence and not within the same term of court. Florida Rule of Criminal Procedure 3.800(b); Sayer v. State, 267 So.2d 42 (Fla.App. 4th 1972); Ware v. State, 231 So.2d 872 (Fla.App. 3rd 1970); and State v. Evans, 225 So.2d 548 (Fla.App. 3rd 1969), cert. den. 229 So.2d 261 (Fla. 1969).
*743 Reversed and remanded to the trial court with directions to reinstate the original sentence of August 13, 1974, giving credit thereon for time served.
RAWLS, Acting C.J., and MILLS and SMITH, JJ., concur.