PER CURIAM.
Eugene Collins appeals the revocation of his probation and the imposition of a prison sentence. We reverse.
Appellant was originally sentenced to one year in the county jail on March 9, 1973. On August 24 of the same year the balance of his sentence was suspended, and he was placed on probation. During the probationary period a violation occurred and the probation was revoked.
Fla.R.Crim.P. 3.800(b) provides that the trial court “may reduce a legal sentence imposed by it at the same term of court at which it had been imposed, or if such term ends less than sixty days after the imposition of the sentence, then within sixty days after such imposition.” The term of court at which the appellant was originally sentenced ended on April 3, 1973. Section 26.34, Florida Statutes (1973), Therefore, the trial court lost jurisdiction over the appellant sixty days after sentencing, or after May 8, 1973. This being the case, the mitigation of sentence on August 24 was a nullity. Moss v. State, 330 So.2d 742 (Fla. 1st DCA 1976); Sayer v. State, 267 So.2d 42 (Fla. 4th DCA 1972).
Reversed and remanded to the trial court with directions to reinstate the original sentence of March 9, 1973, and to give credit thereon for time served.
BOARDMAN, C. J., and McNULTY and OTT, JJ., concur.