348 So.2d 1222 (1977)
STATE of Florida, Petitioner,
v.
Anibal SOTTO and Joaquin A. Amor, Respondents.
No. 77-39.
District Court of Appeal of Florida, Third District.
July 26, 1977.
Rehearing Denied September 8, 1977.
*1223 Richard E. Gerstein, State Atty., and Kurt Marmar, Asst. State Atty., for petitioner.
Max B. Kogen and Geoffrey C. Fleck, Miami, for respondents.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
The state petitions this court for a writ of certiorari to review orders of a trial court which mitigated a three year prison sentence imposed upon the defendants for various lottery law violations. The trial court vacated the defendants' prison sentences and placed the defendants on five years probation. The trial court's mitigation orders were entered more than sixty days after the denial of certiorari by the Florida Supreme Court upon review of the defendants' convictions.
The law is clear that a trial court pursuant to Fla.R.Crim.P. 3.800(b) may reduce a legal sentence at any time within sixty days after the imposition of sentence or within sixty days after the highest state or federal court, to which a timely appeal or petition for writ of certiorari has been taken, has entered an order of affirmance, an order dismissing the appeal or an order denying certiorari. A trial court lacks the jurisdiction to mitigate a legal sentence after the above sixty day periods have elapsed or to mitigate a legal sentence by vacating it and placing the defendant on probation. Moss v. State, 330 So.2d 742 (Fla. 1st DCA 1976); State v. Rodriguez, 326 So.2d 245 (Fla. 3d DCA 1976); State v. Brown, 308 So.2d 655 (Fla. 1st DCA 1975); Smith v. State, 289 So.2d 410 (Fla. 4th DCA 1974); Sayer v. State, 267 So.2d 42 (Fla. 4th DCA 1972); Ware v. State, 231 So.2d 872 (Fla. 3d DCA 1970); Jefferson v. State, 320 So.2d 827 (Fla. 4th DCA 1975); State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969), cert. den. 229 So.2d 261 (Fla. 1969), cert. den. 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970).
The orders under review are quashed because the trial court lacked jurisdiction to enter them. The sixty day time periods under Fla.R.Crim.P. 3.800(b) had elapsed at the time the mitigation orders were entered. Since this is a jurisdictional matter, we must of necessity reject the defendants' contentions which seek to excuse the trial court's delay in mitigating the *1224 sentences. Moreover, the mitigation orders are further invalid because they do not reduce legal sentences; they vacate the sentences and place the defendants on probation.
The state's petition for writ of certiorari is granted, the orders vacating the defendants' sentences and placing the defendants on five years probation are quashed, and the original three year sentences imposed on the defendants are reinstated with credit given for any time served. The cause is remanded for proceedings consistent with this opinion.