PER CURIAM.
This matter is before this court on a petition for writ of habeas corpus, wherein, the petitioner stated in essence, that he is presently in respondent’s custody in the Dade County Jail; that on August 12,1976, he appeared before the Circuit Court of Dade County for sentencing in case Nos. 75-544, 75-8267, and 76-6503B; that on the same date, the court sentenced petitioner to five years in the State Penitentiary at Lake Butler in each of the above cases, sentences to run concurrently with credit for time served in the Dade County Jail amounting to two hundred, thirty-five days; that the court further provided that after serving two and one-half years, the petitioner was to be released to the custody of the Probation and Parole Commission for the remaining two and one-half years. The petition also stated that on September 9, 1976, petitioner, through the office of the Public Defender, filed a motion to mitigate the sentences; that petitioner was returned to the Dade County Jail from the state penitentiary and appeared before the sentencing court on October 5, 1976, which after conducting a hearing, denied the motion; that petitioner then wrote a letter to the court requesting that he be allowed to stay in the Dade County Jail, rather than the Lake Butler facilities, in that he was receiving medical treatment in Dade County and, in addition, feared for his life at the state prison; that on January 28,1977, petitioner and public defender again appeared before the circuit court and ore tenus reviewed his motion to mitigate the sentence.
In addition, the petition further stated that at the time of this second hearing to mitigate, petitioner agreed to do anything if he would be allowed to stay in the Dade County Jail and in response, the court explained to him that the only way this could be accomplished was if petitioner would waive his credit for time served, which at the time amounted to four hundred and four days; that petitioner agreed and the sentence imposed on August 12, 1976, was thereupon vacated; that petitioner was thereupon resentenced to three and one-half years, one year in the Dade County Jail and two and one-half years probation, concurrent, no credit for time served.
Finally, the petition states that on May 5, 1977, petitioner, through counsel, filed a motion to correct the sentence imposed on January 28,1977, pursuant to Fla.R.Crim.P. 3.850, requesting that the portion of the sentence denying credit for time served be vacated; and that subsequent to a hearing held on the matter before the sentencing judge, the motion to correct sentence was denied and petitioner was remanded to the Dade County Jail.
Petitioner thereupon requested that we issue our most gracious writ of habeas corpus based upon the contention that, pursuant to Section 921.161, Florida Statutes (1975), credit for time served is mandatory and cannot be waived. The above contention is, however moot, for the following reason.
The petition, response and exhibits attached thereto show that both the order vacating the original sentence and new sentence entered on January 28, 1977, are a nullity, in that the court lacked jurisdiction to change petitioner’s prior lawful sentence in any way. State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969), cert. denied, 229 So.2d 261 (Fla.1969), cert. denied, 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970).
Therefore, the original sentence entered on August 12, 1976, remains in full force and effect and the petition is hereby dismissed.
Petition dismissed.