HUBBART, Judge.
This is an appeal by the state from an order clarifying a previously imposed prison sentence by reducing the said sentence. We conclude that the trial court had no jurisdiction to so reduce this sentence and therefore reverse the order under review with directions to reinstate the original sentence.
On December 7, 1970, the defendant, Abraham Migdahl along with two co-defendants, was charged by information with breaking and entering a dwelling with intent to commit a felony, before the Circuit Court for the Eleventh Judicial Circuit of Florida. On June 20, 1972, the defendant with counsel entered a nolo contendere plea to this charge. Pursuant to plea negotiations the trial court thereupon sentenced the defendant as follows:
“IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that you be imprisoned by confinement at hard labor in the STATE PENITENTIARY for a term of Ten (10) Years, sentence to run concurrently with the sentence imposed by the U.S. District Court, Southern District of Florida in case no. 71-585-CR-WM, and credit to be given for time served in the Federal Penitentiary and the Dade County Jail prior to sentencing, to wit: Two Hundred Thirty-eight (238) days.”
The defendant thereafter was transferred to the federal penitentiary in Atlanta, Georgia, where he began serving his ten year federal prison sentence until he was paroled thereon by the federal authorities in February 1975. He was thereafter released to Florida authorities where he was removed to the Dade County jail. Florida parole authorities were not at that time willing to release the defendant on parole on the state sentence.
On February 27,1975, the defendant filed a motion to vacate his original state conviction and sentence pursuant to Fla.R.Crim.P. 3.850 on the ground that the court lacked the authority to impose a state prison sentence to run concurrently with a federal prison sentence. On April 10, 1975, the trial court heard and entered an order denying the motion. A timely notice of appeal was filed with the trial court seeking review of that order before this court. Subsequent thereto, the trial court heard and denied the defendant’s petition for reconsideration of the prior order denying post-conviction relief.
On July 24, 1975, this court entered an order in the pending appeal temporarily relinquishing jurisdiction to the trial court for a hearing on the defendant’s revised *637 motion to vacate judgment and sentence pursuant to Fla.R.Crim.P. 3.850. Specifically, the revised motion to vacate attacked the prior nolo contendere plea as being involuntary since it was allegedly made under the mistaken belief that the defendant would be transferred to the federal prison system for all purposes including parole to serve both his federal and state sentences.
On November 14, 1975, the above motion to vacate was heard by the trial court at which time testimony was taken. At the conclusion thereof, the court, without ruling on the motion to vacate, released the defendant from any further service on his state sentence. On June 14,1976, the court incorporated this ruling in a written order as follows:
“In order to clarify the intent of this court as to the concurrent sentence imposed it is the further order of this Court that the defendant Abraham Migdahl be imprisoned in the custody of the Department of Offender Rehabilitation for nine months and nine days in the event that he be released from the Federal Penitentiary prior to the expiration date of his sentence and that he be thereafter released.”
Subsequent to the above hearing, the defendant moved to dismiss his appeal in this court, which motion this court granted. Migdahl v. State, 324 So.2d 229 (Fla.3d DCA 1975). The state now appeals from the June 14, 1976 order.
The law is clear that a trial court pursuant to Fla.R.Crim.P. 3.800(b) may reduce a legal sentence at any time within sixty days after the imposition of sentence or within sixty days after receipt by the trial court of a mandate or order of the highest state or federal court to which a timely appeal or petition for certiorari has been taken affirming the judgment of conviction and/or sentence, dismissing the appeal, or denying certiorari. A trial court lacks the jurisdiction to mitigate or modify a legal sentence previously imposed after the above sixty day time periods have elapsed.[1]
In the instant case, the order under review reduces the ten year prison sentence originally imposed to a term of nine months and nine days in the event that the defendant is released from the federal penitentiary prior to the expiration of his state sentence. Although the order is styled a clarification of sentence, it in fact modifies the original sentence by reducing it upon the happening of a certain event. The order was entered over four years after the original sentence was imposed at a time when the trial court had clearly lost jurisdiction to reduce or modify the sentence. Accordingly, the order under review must be reversed and the original sentence re-instated.
By re-instating the original sentence, it is clear that the defendant must be given credit on his ten year state sentence for the following: (1) the 238 days he served in the county jail prior to sentencing, (2) the time he spent serving the federal sentence in the federal penitentiary in Atlanta, Georgia, and (3) the time he served in the custody of the Florida authorities upon his release from federal custody in Atlanta, Georgia until his release from state custody by the trial court on November 14,1975. The decision of the federal authorities to parole the defendant on his ten year federal sentence in no sense binds Florida authorities to parole the defendant on the ten year state *638 sentence. That decision rests solely within the discretion of the Florida Parole Board.
In so ruling, we express no view as to whether it is lawful for a Florida court to impose a state prison sentence to run concurrently with a federal prison sentence. That issue was raised in the defendant’s prior appeal from his first motion to vacate, which appeal the defendant voluntarily dismissed. Nor do we express any view on the merits of the defendant’s second motion to vacate attacking the voluntariness of the nolo contendere plea because the motion was never ruled on by the trial court or appealed to this court. Of course, the defendant upon remand is free to seek such a ruling from the trial court on the said motion to vacate if he so desires.
Reversed.

. State v. Sotto, 348 So.2d 1222 (Fla.3d DCA 1977); Collins v. State, 343 So.2d 680 (Fla.2d DCA 1977); Solomon v. State, 341 So.2d 537 (Fla.2d DCA 1977); Moss v. State, 330 So.2d 742 (Fla. 1st DCA 1976); State v. Rodriguez, 326 So.2d 245 (Fla.3d DCA 1976); State v. Brown, 308 So.2d 655 (Fla. 1st DCA 1975); Smith v. State, 289 So.2d 410 (Fla.4th DCA 1974); Sayer v. State, 267 So.2d 42 (Fla.4th DCA 1972); Ware v. State, 231 So.2d 872 (Fla.3d DCA 1970); Jefferson v. State, 320 So.2d 827 (Fla.4th DCA 1975); State v. Evans, 225 So.2d 548 (Fla.3d DCA 1969), cert. den. 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970).
Fla.R.Crim.P. 3.800 which was in effect at the time the trial court entered the order under review also gave the trial court authority to reduce a legal sentence in the same term of court in which the sentence was imposed. That grant of authority has since been deleted from the rule effective March 3, 1977.