358 So.2d 1093 (1978)
Rene DE LA PAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1416.
District Court of Appeal of Florida, Third District.
February 28, 1978.
Weiner, Robbins & Tunkey, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Jose R. Rodriguez and Steven R. Jacob, Asst. Attys. Gen., for appellee.
Before PEARSON, NATHAN and KEHOE, JJ.
PER CURIAM.
The defendant appeals an order revoking probation and a sentence of two concurrent terms of five years. The State accepts appellant's statement of facts, which reveals the following: The defendant was sentenced on April 20, 1971, to four one year sentences in the Dade County jail to be served concurrently with another one year sentence, and a one year sentence, also in the Dade County jail, to be served at the expiration of the concurrent one year sentences.[1] On September 24, 1971, the court held a hearing on defendant's motion to mitigate the sentences. At this time, the court also corrected the sentences in light of the holding in State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969). The court set aside the sentence that was to be served consecutively so that it would be served concurrently with the other sentences. Finally, the court mitigated the four concurrent sentences to a sentence of the time already *1094 served, plus seven years probation. (The court denied the motion to mitigate the one year sentence to which the four concurrent one year sentences attached.)
The court was without jurisdiction to mitigate the legal sentences imposed. See Collins v. State, 343 So.2d 680 (Fla. 2d DCA 1977). However, the court did have jurisdiction to correct the illegal sentence. See Fla.R.Crim.P. 3.800(a), and see the principle of law in Perrin v. Enos, 56 So.2d 920 (Fla. 1951). Therefore, the only legal sentences were the four concurrent sentences of one year in the Dade County jail to run concurrently with another one year sentence. The order placing the defendant on probation was a nullity. Accordingly, the sentence imposed for violation of the probation is an illegal sentence.
The defendant shall be returned to the trial judge with directions to reinstate the original sentences as corrected, the defendant being given credit for any time served on the original sentence and the sentence that is now vacated. Cf. Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977).
Reversed and remanded with directions.
NOTES
[1] Therefore, in summation, defendant was to serve a one year sentence (sentence one) to run concurrently with four other one year sentences (sentences two, three, four and five) and then to serve a consecutive one year sentence (sentence six), all in the Dade County jail.