360 So.2d 21 (1978)
STATE of Florida, Appellant,
v.
Frank A. SMITH, III, Appellee.
No. 77-1662.
District Court of Appeal of Florida, Fourth District.
May 31, 1978.
Rehearing Denied July 12, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, Glenn H. Mitchell, Asst. Atty. Gen., for appellant.
Robert J. Buonauro, P.A., Orlando, for appellee.
RIVKIND, LEONARD, Associate Judge.
The state appeals an order of a trial court which mitigated a sentence of life imprisonment. The trial court reduced this sentence to an "... indeterminate sentence of not less than two (2) years and not to exceed six (6) years ..."[1]
Appellee was charged by information with second degree murder. On September 6, 1974 he was adjudged guilty and sentenced *22 to life imprisonment. The judgment and sentence were affirmed on appeal to this court. Smith v. State, 314 So.2d 226 (Fla. 4th DCA 1975), cert. den., 345 So.2d 427 (Fla. 1977). The mandate from this court was filed in the trial court on April 11, 1977. Appellee filed his motion to mitigate on May 10, 1977 alleging that he had been a model prisoner and presented no danger to society. The motion to mitigate was timely filed. However, the trial court, because of calendar commitments, declined to schedule a hearing until July 21, 1977, albeit appellee requested a hearing on May 11, 1977. In an order nunc pro tunc, entered on July 26, 1977, the trial court ruled that the time required for hearing and disposition was tolled by the filing of the motion to mitigate.
Appellant asserts that the trial court was without jurisdiction to mitigate appellee's sentence on a date more than sixty days after the mandate was received by the trial court. We agree.
Pursuant to Fla.R.Crim.P. 3.800(b), a trial court may reduce a legal sentence at any time within sixty days after such imposition or within sixty days after completion of appellate review. In the case sub judice the sentence was reduced 101 days after receipt by the trial court of the mandate issued by this court. The trial court lost jurisdiction over the appellee sixty days after the mandate was received. This being the case, the mitigation of sentence on July 21, 1977, was a nullity. The trial court exceeded its authority in entering an order "tolling" the time limitations provided in R.Crim.P. 3.800(b). That order is likewise a nullity.
In State v. Evans, 225 So.2d 548, 550 (Fla. 3rd DCA 1969), cert. den., 229 So.2d 261 (Fla. 1969), cert. den., 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970), the mandate was filed in the trial court on April 21, 1967. The sixty day period ended on June 20, 1967. The Third District stated:
"At the end of the latter date [June 20, 1967] the criminal court of record had no power to change respondent's lawful sentence in any way. Therefore when that court entered the order of March 18, 1969, it acted without jurisdiction. As a consequence that order is a nullity".
"The respondent contends and urges us to hold, that if a motion to mitigate sentence is filed within 60 days of the date a sentence is pronounced by a trial court, that court has the power to hold hearings on the motion and act upon it at any time... . Respondent's construction of the statute and rule would permit indefinite supervision by a trial court over all legal sentences it imposes. Such supervision does not accord with reason or public policy. Under our tripartite system of government there must come a time when the judiciary's power to reduce a lawful sentence ends and rests in the executive department...."
In its denial of certiorari in State v. Evans, supra, the Supreme Court of Florida stated:
"... the District Court of Appeal correctly concluded that the trial court proceeded without jurisdiction".
The appellate courts of Florida have consistently held that the limitation of time provided in R.Crim.P. 3.800(b) for reduction of sentence is jurisdictional. State v. Sotto, 348 So.2d 1222 (Fla. 3rd DCA 1977); Collins v. State, 343 So.2d 680 (Fla. 2nd DCA 1977); Moss v. State, 330 So.2d 742 (Fla. 1st DCA 1976); Sayer v. State, 267 So.2d 42 (Fla. 4th DCA 1972); Ware v. State, 231 So.2d 872 (Fla. 3rd DCA 1970).
We address ourselves to one further matter. In articulating the reasons for a reduction in sentence, the trial judge said, inter alia:
"... I also know it is the custom among judges to sentence more harshly if you go to trial than if you plead, I am *23 afraid that I have been probably a victim of that same sentencing process. It is not proper and not constitutional. And, I feel that had Mr. Smith entered a plea or discussed it with the court, he would have been sentenced differently... ."[2]
Appellee contends the original sentence, therefore, was unconstitutional. Fla.R. Crim.P. 3.800(a) or (b) is not the proper vehicle for the submission of this issue. The order of the trial court reducing the appellee's sentence is reversed and the original life sentence is reinstated with credit given for any time served. The reversal is without prejudice to the filing of a Rule 3.850 motion in the trial court seeking an evidentiary hearing on whether or not the sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida. See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Hankerson v. State, 326 So.2d 200 (Fla. 4th DCA 1976); Weathington v. State, 262 So.2d 724 (Fla. 3rd DCA 1972). We express no opinion on the merits thereof. The cause is reversed and remanded for proceedings consistent with this opinion.
DOWNEY, C.J., and MOORE, J., concur.
NOTES
[1] No question has been raised in the briefs concerning the legality of an indeterminate sentence of not less than 2 years where the legislature has specifically provided for an indeterminate period of 6 months to a maximum period of imprisonment which may be less than the maximum provided by law for the offense. F.S. 921.18. In view of our disposition reversing the amended sentence for the reason stated, we deem it unnecessary to consider this further.
[2] Transcript of Mitigation Hearing on July 21, 1977, Page 54.