BARKDULL, Judge.
This is a common law certiorari by the State to review an order of the trial court mitigating a sentence after sixty days had expired from the date the Supreme Court entered its final order in a certiorari proceeding, seeking the review of a District Court of Appeal opinion affirming the respondent’s conviction. See: Adirim v. State, 350 So.2d 1082 (Fla. 3d DCA 1977); Adirim v. State, 365 So.2d 709 (Fla.1978).
Florida Rule of Criminal Procedure 3.800(b) reads as follows:
“(b) A court may reduce a legal sentence imposed by it within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.”

We hold that the rule means what it says, and it should be followed by the courts in Florida. See: Bryan v. State, 94 Fla. 909, 114 So. 773 (1927); Kinsey v. State, 179 So.2d 108 (Fla. 1st DCA 1965); State v. Lott, 286 So.2d 565 (Fla.1973). Respondent contends that the trial court has sixty days from the filing[1] of the final order of denial in the trial court, the same as it has sixty days from the receipt of a mandate of a district court of appeal. We disagree. The rules provide that a mandate be sent to a trial court. See: Florida Rules of Appellate Procedure 9.340(a). There is no similar requirement that a denial of cer-tiorari be sent by the final appellate court to the trial court. Therefore, there is a clear reason for the distinction in the rule between receipt of a mandate and the entry of a final order by the last appellate forum.
The order of the trial court not having been entered within the sixty-day period provided in the rule, it was a departure from the essential requirements of law and should be quashed. Even though this may appear to work a hardship on the respondent, it should be remembered that statutes of mitigation are a privilege or grace to a convicted defendant and are to be strictly construed. See: State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969); Ware v. State, 231 So.2d 872 (Fla. 3d DCA 1970); State v. Sotto, 348 So.2d 1222 (Fla. 3d DCA 1977); State v. Migdahl, 353 So.2d 635 (Fla. 3d DCA 1977); State v. Smith, 360 So.2d 21 (Fla. 4th DCA 1978); Sotto v. Wainwright, 601 F.2d 184 (5th Cir.1979).
Therefore the order under review mitigating sentence be and the same is hereby quashed.

. The hearing and ruling in the instant case was within sixty days of a filing of a copy of the Supreme Court’s order denying certiorari.