610 So.2d 564 (1992)
Bruno ABREU, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-713.
District Court of Appeal of Florida, Third District.
December 8, 1992.
Rehearing Denied January 26, 1993.
*565 Bennett H. Brummer, Public Defender, and Cynthia A. Greenfield, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Francine Thomas, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Defendant appeals from a judgment of conviction and sentences on multiple counts of kidnapping, aggravated assault, aggravated battery, and sexual battery. We affirm the convictions, reverse the sentencing order in part, and remand for resentencing.
We find no error in the trial court's admission of evidence of defendant's prior acts of violence against the victim. See Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990) (evidence of defendant's prior criminal conduct admissible to establish entire context in which crime committed). The evidence was admitted to counter defendant's argument that the victim had provoked him, and that the attacks in this case were isolated incidents. Even if admission of this evidence was error, it was harmless, as there is no reasonable possibility that it contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We agree with defendant that the trial court erred in imposing consecutive minimum mandatory sentences. See Palmer v. State, 438 So.2d 1 (Fla. 1983) (trial court cannot sentence defendant to consecutive minimum mandatory sentences for crimes arising from same criminal episode). Accordingly, we reverse and remand for correction of the sentencing order to reflect that the minimum mandatory sentences shall be served concurrently. We affirm the sentences in all other regards.
Affirmed in part; reversed in part; remanded.