COPE, Judge.
The State appeals an order granting a motion to mitigate. The question presented is whether the trial court had jurisdiction to enter an order of mitigation after the expiration of the 60-day period prescribed by Florida Rule of Criminal Procedure 3.800(b). We answer the question in the negative, treat the appeal as a petition for writ of certiorari, and quash the trial court order.
Defendant was convicted of multiple crimes and sentenced to life imprisonment. After appellate review in this court defendant petitioned for discretionary review in the Florida Supreme Court, which was denied June 25,1993. See Abreu v. State, 610 So.2d 564 (Fla. 3d DCA 1992), review denied, 623 So.2d 493 (Fla.1993).[1]
On August 20, 1993 a special assistant public defender filed a timely motion to mitigate sentence. This was four days before the expiration of the 60-day period allowed by Rule 3.800(b) for mitigation of sentence. The original sentencing judge had rotated out of the criminal division and the motion to mitigate fell before a successor judge. Relying on Florida Rule of Criminal Procedure 3.050, defense counsel also moved for a lengthy enlargement of time to prepare for the hearing on the motion to mitigate because he had only recently been appointed and needed time to consult with the defendant. The trial court granted the extension *164 of time to a date beyond the 60-day period allowed by Rule 3.800(b).
On August 24,1993, the last day of the 60-day period allowed by Rule 3.800(b), there was another hearing on the motion to mitigate. Relying on Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985), and State v. Golden, 382 So.2d 815 (Fla. 1st DCA 1980), defendant requested that the trial court commence the hearing on the motion to mitigate and then recess until a future date for the completion of proceedings. The trial court granted the defendant’s request and commenced the hearing. At that time the defendant moved the trial transcript into evidence. The court requested the parties to designate those portions of the transcript which the court should read in connection with the motion to mitigate. The ^court then recessed the hearing to a future date.[2]
On October 18, well after the expiration of the 60-day period allowed by Rule 3.800(b), the court reconvened the mitigation hearing and took evidence from witnesses offered by the defense and the prosecution. On November 2, 1993 the trial court entered an order granting the motion to mitigate. Under the sentencing guidelines, the recommended range was life and the permitted range was 27 years to life. The trial court mitigated the life sentences to 30 years.
The State has appealed, contending that the trial court was without jurisdiction to enter a mitigation order once the 60-day period allowed by Rule 3.800(b) had expired. We agree.
In State v. Evans, 225 So.2d 548 (Fla. 3d DCA), cert. denied, 229 So.2d 261 (Fla.1969), cert. denied, 397 U.S. 1053, 90 S.Ct. 1393, 25 L.Ed.2d 668 (1970), this court said:
The respondent contends and urges us to hold, that if a motion to mitigate sentence is filed within 60 days of the date a sentence is pronounced by a trial court, that court has the power to hold hearings on the motion and act upon it at any time. The plain language of § 921.25 and Rule 1.800(b) prohibits us from announcing such a rule. Respondent’s construction of the statute and rule would permit indefinite supervision by a trial court over all legal sentences it imposes. Such supervision does not accord with reason or public policy. Under our tripartite system of government there must come a time when the judiciary’s power to reduce a lawful sentence ends and vests in the executive department. We think the statute and rule prescribe that time.
225 So.2d at 550 (citations omitted). The Rule 1.800(b) referred to in Evans is currently renumbered as Rule 3.800(b). In Evans, as in the present ease, the motion to mitigate had been filed within the 60-day period, but the order granting mitigation was not entered until after the 60-day period had expired.
After this court rendered its decision in Evans, review was sought in the Florida Supreme Court. That court denied review with an opinion which states, in part, “the District Court of Appeal correctly concluded that the trial court proceeded without jurisdiction.” Evans v. State, 229 So.2d 261, 261 (Fla.1969) (emphasis added);[3] see also Sanchez v. State, 541 So.2d 1140 (Fla.1989).[4]
Subsequent to the Evans decision, this court has consistently held that:
A trial court lacks the jurisdiction to mitigate a legal sentence after the above sixty day periods [provided in Florida Rule of *165 8.800(b) ] have Criminal Procedure elapsed....
... The sixty day time periods under Fla.R.Crim.P. 3.800(b) had elapsed at the time the mitigation orders were entered. Since this is a jurisdictional matter, we must of necessity reject the defendants’ contentions which seek to excuse the trial court’s delay in mitigating the sentences.
State v. Sotto, 348 So.2d 1222, 1223-24 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1219 (Fla.1978); accord State v. Adirim, 376 So.2d 464 (Fla. 3d DCA 1979); State v. Rodriguez, 326 So.2d 245 (Fla. 3d DCA 1976); see also State v. Smith, 360 So.2d 21, 22 (Fla. 4th DCA), cert. denied, 366 So.2d 885 (Fla.1978); Sayer v. State, 267 So.2d 42 (Fla. 4th DCA 1972).
By contrast, the First District has held that the time for entry of an order mitigating sentence can be enlarged pursuant to Florida Rule of Criminal Procedure 3.050. State v. Golden, 382 So.2d 815, 816 (Fla. 1st DCA 1980). There, the hearing was conducted within the 60-day period but the order mitigating sentence was entered thereafter.
The Second District has also allowed an order to be entered after the 60-day period had expired, where the hearing on the motion to mitigate was commenced during the 60-day limit but proceedings carried over to a date after the 60-day period had expired. Smith v. State, 471 So.2d 1347, 1348-49 (Fla. 2d DCA 1985). We certify that the decision in the instant case is in direct conflict with Smith and Golden.
The State has proceeded by way of appeal in this matter. In prior cases, certiorari has been the procedure employed. See State v. Adirim, 376 So.2d at 464-65; State v. Sotto, 348 So.2d at 1223, 1224; State v. Rodriguez, 326 So.2d at 246; State v. Evans, 225 So.2d at 548, 551. Accordingly, we treat the appeal as a petition for writ of certiorari. We grant the petition and quash the order mitigating sentence.
Certiorari granted; direct conflict certified.

. This court affirmed defendant's convictions but remanded with directions that the defendant's mandatory minimum sentences should run concurrently, not consecutively. 610 So.2d at 565. When defendant petitioned the Florida Supreme Court for discretionary review, there was no stay of this court’s mandate. Consequently, the mandate issued in February, 1993 and the trial court entered an order correcting defendant's mandatory minimum sentences in March, 1993.

. At the August 20 hearing the State did not take a position on the defendant’s motion for extension of time. At the August 24 hearing the State took the position that the time should be extended if the motion were referred back to the original sentencing judge for a ruling. However, the State indicated that if the motion was to be heard by the successor judge then the State objected to any extension of time.

. Technically it would appear that the Florida Supreme Court's statement on this point is dic-turn, since the court went on to rule that it was without jurisdiction under Article V, section 4 of the Florida Constitution of 1968. 229 So.2d at 261.

.As we interpret Sanchez, the court there stated that the motion under Rule 3.800(b) must be filed, and the trial court must enter its order, within the 60-day limitation set forth in the Rule. 541 So.2d at 1141-42.